UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAUL ARELLANO, JR.,

Plaintiff,

v.

SAN DIEGO, COUNTY OF;
GUERRERO, BAIL BOND;
GUERRERO, OFFICER;
VIOLENT CRIME TASK FORCE

Defendants.

Case No.:  14-cv-2404 JLS (KSC)

**ORDER GRANTING IN PART AND
DENYING IN PART MUNICIPAL
DEFENDANTS' MOTIONS TO
DISMISS**

Plaintiff Raul Arellano, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on October 8, 2014, alleging Defendants violated his rights guaranteed under the Fourth Amendment of the United States Constitution.  (ECF No. 1.)  After requesting and receiving leave to amend the Complaint, (ECF No. 24), Plaintiff filed a First Amended Complaint ("FAC") on March 2, 2016 that added additional Defendants and claims for relief.  (ECF No. 27.)  Presently before the Court are the following: (1) Defendant County of San Diego's Motion to Dismiss Plaintiff's FAC; (2) Defendant City of El Cajon's Motion to Dismiss Plaintiff's FAC; and (3) Defendant City of San Diego's Motion to Dismiss.  (ECF Nos. 30, 42, 43.)  Plaintiff filed an Opposition to these Motions.  ("Opp'n," ECF No. 53.)  Defendant County of San Diego, Defendant City of El Cajon, and Defendant City of San Diego (collectively "Municipal Defendants") each filed a separate Reply to Plaintiff's Opposition.  (ECF Nos.

54, 55, 56.)

For the reasons outlined below, the Court **GRANTS IN PART** and **DENIES IN PART** Municipal Defendants' Motions to Dismiss.  Plaintiff's claims against Defendant City of El Cajon are **DISMISSED WITH PREJUDICE**.  However, Plaintiff's claims against Defendant County of San Diego and Defendant City of San Diego are **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

**BACKGROUND**

## I.   Procedural History

On October 8, 2014, Plaintiff filed his original Complaint ("Compl.") against the "County of San Diego, Bail Bond Agency of Guerrero, Arreste [sic] officer Guerrero, Fugitive Task Force," alleging three causes of action under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights.[1]  (ECF No. 1.)  Plaintiff's causes of action arise out of an arrest occurring on November 7, 2010 at El Rey Motel in Tijuana, Mexico by a U.S. Marshal and Mexican authorities.  (Compl. 5,[2] ECF No. 1.)

On July 15, 2015, Defendant County of San Diego moved to dismiss the Complaint, claiming that Plaintiff failed to allege any misconduct on the part of the county and that Plaintiff's claims were time-barred.  (ECF No. 13-1, at 3–4.)

On November 19, 2015, Plaintiff filed a Motion to Amend to add four additional defendants: "[t]he San Diego Regional Fugitive Task Force; Jesus Guerrero; P. Beal; U.S. Marshalls [sic]."  (ECF No. 23, at 1.)  Plaintiff explained that further investigation since the filing of his Complaint allowed him to discover the names and addresses of these additional Defendants who "connect" the Mexican and American authorities.  (*Id.*)  The Court granted leave for Plaintiff to amend his Complaint under Federal Rule of Civil Procedure 15(a)(2).  (ECF No. 24, at 3.)  Consequently, the Court also denied as moot

---

[1] Plaintiff listed County of San Diego in the case caption, but omitted County of San Diego from the complaint form outline. (ECF No. 1, at 1–2.)  Instead, Plaintiff included City of San Diego in the complaint form outline. (*Id.* at 2.)

[2] Pin citations refer to the CM/ECF numbers electronically stamped at the top of each page.

Defendant County of San Diego's Motion to Dismiss.  (*Id.* at 5.)

On March 2, 2016, Plaintiff filed his amended Complaint ("FAC"), naming the following Defendants in the form outline: (1) City of El Cajon; (2) City of San Diego; (3) County of San Diego; (4) Guerrero Bail Bonds; (5) Henry L. Guerrero; (6) San Diego Regional Fugitive Task Force; (7) Jesus Guerrero, U.S. Marshal; (8) P. Beal, case agent, SDUSM; (9) United States Marshals office; and (10) the United States.  (FAC 2–3, ECF No. 27.)

In his FAC, Plaintiff seeks damages allegedly resulting from excessive force and torture during Plaintiff's arrest and pre-trial detention in Mexico under 42 U.S.C. §§ 1983, 1985, and 1986.  (*Id.* at 7–8, 14.)  Plaintiff additionally alleges violations of his guaranteed rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  (*Id.* at 7.)  Plaintiff also brings a *Bivens* action for money damages against U.S. Marshal Guerrero and P. Beal.  (*Id.* at 31.)  Plaintiff seeks an injunction preventing retaliation, $15 million in damages, and $5 million in punitive damages.  (*Id.* at 40.)

On March 16, 2016, Defendant County of San Diego filed a Motion to Dismiss Plaintiff's FAC for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 30.)  On April 26, 2016, Defendant City of El Cajon filed a Motion to Dismiss Plaintiff's FAC for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 42.)  On April 27, 2016, Defendant City of San Diego filed a Motion to Dismiss the FAC for Plaintiff's failure to identity a cognizable legal theory or allege sufficient facts to support a cognizable legal theory pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.  (ECF No. 43); Fed. R. Civ. P. 8(a).

On May 13, 2016, the Court granted Plaintiff's Motion for Extension of Time to oppose the Motions to Dismiss.  (ECF Nos. 49, 50.)  On July 5, 2016, Plaintiff filed a consolidated Response in Opposition to the three Motions to Dismiss.  (ECF No. 53.)

On July 12, 2016, Defendant County of San Diego filed a Reply in support of its

Motion to Dismiss.  (ECF No. 54.)  On July 13, 2016, Defendant City of El Cajon filed a Reply in support of its Motion to Dismiss.  (ECF No. 55.)  On July 14, 2016, Defendant City of San Diego filed a Reply in support of its Motion to Dismiss.  (ECF No. 56.)

## II.   Factual Background

In his FAC, Plaintiff alleges that he was arrested in September or October of 2009 and posted bail.  (FAC 8, ECF No. 27.)  On January 4, 2010, the City of El Cajon and County of San Diego Superior Court issued a warrant for Plaintiff's arrest after he failed to appear at a court hearing.  (*Id.* at 7–8)  Henry L. Guerrero of Guerrero Bail Bonds tried to locate Plaintiff.  (*Id.* at 8.)

On November 7, 2010, Plaintiff was with his family at the El Rey Motel in Tijuana, Mexico when "several undercover officers hit [him] from the back of [his] head knocking [him] to the ground," placed him in handcuffs, and dragged him out of the motel.  (*Id.*)  Plaintiff further alleges that the "U.S. Marshal kicked hard [his] rib, while the others picked [him] up slamming [him] face down to the floor stomping on [his] head."  (*Id.*)  Plaintiff claims the officers stopped when Plaintiff's son and the boy's mother told them to stop.  (*Id.*)  The U.S. Marshal then told Plaintiff about the warrant, and when Plaintiff said he was abusing his authority, Plaintiff claims the U.S. Marshall said that this "is Mexico and he can do what he wants to [him] because no policy prevents him not to do so."  (*Id.*)  Plaintiff claims the U.S. Marshal thereafter left him with the other officers and said, "[t]he[y're] going to make sure you understand why you['re] better off not saying nothing when you get transferred to San Diego County Jail."  (*Id.* at 8–9.)

Plaintiff alleges the officers tortured him in a vehicle during the two-hour drive to Mexicali, in the "middle of the desert" on the way to Mexicali, and in an office in Mexicali.  (*Id.* at 8–9.)  Plaintiff claims the officers repeatedly tortured him with brutal methods, robbed him, threatened to kill him if he did not ask family in America to wire them money, and threatened to kill his family if he reported what they did to him.  (*Id.* at 8–11.)

The torture included: (1) use of an "electrical Tazer on [his] private parts and all over [his] body" until the battery ran out and he smelled burnt skin or hair; (2) firing bullets

close to his head and then putting him inside "a very small dog cage"; (3) putting a plastic bag over his head while others "kicked [his] stomach and stomped on [his] head" for four to six hours; (4) "using a hot lamp or light bulb or bright metal" to burn his body; (5) sodomy with an object; and (6) restraining and pouring water on his face that "made [him] feel like [he] was drowning."  (*Id.* at 9.)

According to Plaintiff, "[t]hey said that as far [as] they know they haven't broken no law because neither the task force [n]or San Diego Police Dep[artment] prohibit them to do what they did to me while executing a warrant for them."  (*Id.* at 10.)  Additionally, Plaintiff claims that the officers were wearing "civil clothing" when they arrested him, and thus he was unable to identify their agencies.  However, Plaintiff also alleges that the "officers did admit all of them been a part of all [the agencies] mention[ed] here, plus part of [the] Mexican police." (*Id.* at 14.)

Plaintiff claims that after the torture, he was held in a cell in Mexico until he was transferred to San Diego and given to U.S. Marshal Guerrero on November 10, 2010.  (*Id.* at 11.)  San Diego County Jail refused to take him "due to the multiple bruises on [his] ribs and bumps on [his] head plus [his] expressions of pain and confusion." (*Id.* at 11.)  Plaintiff was taken to Mercy Hospital and returned to county jail after x-rays confirmed that he had no broken bones.  (*Id.*)

## III.   Plaintiff's Claims Against Municipal Defendants

As stated earlier, Plaintiff seeks damages allegedly resulting from excessive force and torture during Plaintiff's arrest and pre-trial detention in Mexico under 42 U.S.C. §§ 1983, 1985(3), and 1986.  (FAC 7–8, ECF No. 27.)  Plaintiff claims violations of his guaranteed rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  (*Id.* at 7.)

Plaintiff claims similar theories of liability for Municipal Defendants. Plaintiff alleges that each of these defendants acted under color of law in violation of 42 U.S.C. § 1983 because each is "a municipal[ity] that authorize[s] their contractors or employees to execute warrant[s] violating my rights or has regulations that doesn't refrain their

employees or contractor agenc[ies] to not deprive persons of their rights." (*Id.* at 2.)  As to Defendant County of San Diego, Plaintiff additionally alleges that the "county is responsible because San Diego police officers are employees of this county. The officers who arrested [him] were contracted and performed the same as an officer." (*Id.*)

Plaintiff appears to allege a *Monell* claim against Municipal Defendants because they purportedly failed to train "the agenc[ies] in charge of [his] arrest in Mexico" or failed to enact policies designed to prevent the deprivation of his constitutional rights during his arrest in Mexico.  (*Id.* at 13, 20); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

**LEGAL STANDARDS**

**I.   Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible

6

when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555).  This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

### A. Standards Applicable to Pro Se Litigants in Civil Rights Actions

"A document filed *pro se* is 'to be liberally construed,' [citation omitted] and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  Particularly in civil rights cases, courts have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)).  However, in giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In the Ninth Circuit, a court should grant a *pro se* litigant leave to amend his complaint "'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)

(quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Before a complaint is dismissed, a court must give the *pro se* plaintiff some notice of the complaint's deficiencies.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987), *superseded on other grounds by statute as stated in Lopez,* 203 F.3d at 1126–30).  However, when amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate.  *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (citing *Noll*, 809 F.2d at 1448).

## ANALYSIS

### I.   Section 1983 Claims

Municipal Defendants move to dismiss all of Plaintiff's § 1983 claims.  (ECF Nos. 30-1, 42-1, 43-1.)

#### A.  *Applicable Law*

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983), *superseded on other grounds by statute*, 42 C.F.R. § 430.0.  To prevail on a claim for violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must prove two elements:  (1) that a person acting under color of state law committed the conduct at issue; and (2) that the conduct deprived the claimant of some right, privilege, or immunity conferred by the Constitution or the laws of the United States.  *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983).  "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element."  *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015).

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies."  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978).  To state a § 1983 claim against a municipality, a plaintiff must show that "a policy, practice, or custom of the entity" is "a moving force behind a violation of constitutional

rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Municipal actions that could be subject to liability under § 1983 include "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Id.* This failure to train must at least show the municipality's deliberate indifference to the rights of its inhabitants. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Thompson*, 563 U.S. at 61 (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)).

### B. Analysis

Defendants City of El Cajon and County of San Diego move to dismiss Plaintiff's § 1983 claims for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) for any one of the following reasons: (1) Plaintiff's FAC exceeded the statute of limitations for bringing his suit and is time-barred; (2) Plaintiff's FAC exceeded the scope of his amendment request to the Court and the Order Granting Plaintiff's Motion to Amend Complaint; and (3) Plaintiff fails to establish facts under which Municipal Defendants could be held liable for his claims. (ECF No. 42, at 4–5; ECF No. 30, at 1–2.)

Defendant City of San Diego separately claims that pursuant to Rule 8(a) Plaintiff's FAC is "vague, ambiguous, and incomprehensible," and moves to dismiss Plaintiff's FAC for failure to either identify a cognizable legal theory or allege sufficient facts to support a cognizable legal theory. (ECF No. 43, at 1–2.) The Court addresses each argument in turn.

///

### 1. *Statute of Limitations*

In a § 1983 suit, federal courts apply the statute of limitations for personal injury actions of the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Alameda Books, Inc. v. City of L.A.*, 631 F.3d 1031, 1041 (9th Cir. 2011). In California, the relevant limitations period is two years. Cal. Civ. Proc. Code § 335.1; s*ee also Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004). The limitations period starts when the claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955 (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)).

Courts considering a § 1983 claim also apply "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). "California law provides for the tolling of a statute of limitations for a period of up to two years based on the disability of imprisonment" for plaintiffs who, "at the time the cause of action accrued," were "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life.'" Cal. Civ. Proc. Code § 352.1; *Blanas*, 393 F.3d at 927. The meaning of "a term less than for life" excludes only those sentenced to life without possibility of parole. *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 6–7 (2016). This tolling provision applies to a prisoner with a claim that accrues at the time of arrest if the prisoner has been in continuous, uninterrupted custody since the time of arrest. *See Blanas*, 393 F.3d at 928; *Elliott v. City of Union City,* 25 F.3d 800, 803 (9th Cir. 1994).

Here, the two-year state personal injury tolling applies to Plaintiff, but it is not immediately clear if the additional two-year maximum disability tolling for prisoners also applies to Plaintiff.[3] Plaintiff's claim accrued on November 7, 2010 when he was arrested

---

[3] It appears that neither Plaintiff nor Municipal Defendants mention section 352.1, the disability tolling provision that would extend the statute of limitations to require filing within four years from the time a claim accrued, if applicable. Additionally, subsection (b), which would otherwise likely make this

in Mexico and allegedly subjected to excessive force and tortured by certain officers. (FAC 1, 8, ECF No. 27.) Plaintiff filed his original Complaint on October 8, 2014. (ECF No. 1, at 1.) Plaintiff filed his FAC on March 2, 2016. (FAC 1, ECF No. 27.) If four years of tolling applies, Plaintiff must have filed his original Complaint on or before November 7, 2014.

If Plaintiff was in continuous, uninterrupted custody from his arrest through conviction and sentencing for a minimum of two years, then four years of tolling would apply. *See Blanas*, 393 F.3d at 928. Taking Plaintiff's allegations as true, it appears that he was continuously held in custody, first in Mexico, and then in San Diego County Jail from the time of his arrest in November 2010 through June 2011. (FAC 23, ECF No. 27.) Thereafter, he was held in Calipatria and Donovan prisons between June 2011 and May 2013, where he presumably still resides. (*Id.*) Indeed, Plaintiff lists his address on the FAC as "R.J. Donovan State Prison." (*Id.* at 1.) He also references his "18 [year] conviction." (*Id.* at 25.)

Based on Plaintiff's allegations in his FAC, the Court finds that the two years of prisoner disability tolling applies to Plaintiff because he appears to have been in continuous, uninterrupted custody from the time of his arrest through conviction and sentencing for significantly more than two years, and he appears to be serving a sentence less than life without possibility of parole. *See Jones v. Blanas*, 393 F.3d at 928; *Elliott v. City of Union City,* 25 F.3d at 803; *Brooks*, 1 Cal. App. 5th at 6. Accordingly, Plaintiff's original Complaint was filed within the four-year limitations period and is not time-barred.

However, Defendant City of El Cajon argues separately that even if Plaintiff's first Complaint is not time-barred, the FAC is time-barred as to any claims against Defendant City of El Cajon because the FAC does not relate back to the original Complaint. (ECF

---

tolling statute inapplicable against Municipal Defendants, does not appear to apply in the present case because Plaintiff is asserting federal law—not state law—claims against Municipal Defendants. *See Ellis v. City of San Diego, Cal.*, 176 F.3d 1183, 1189 (9th Cir. 1999), *as amended on denial of reh'g* (June 23, 1999) ("Subsection (b) provides that there is no tolling of claims presentation requirements for *state-law* tort claims against public entities or employees.") (emphasis added).

No. 42-1, at 10.)

Rule 15(c) of the Federal Rules of Civil Procedure allows an amended pleading that properly "relates back" to the date of a timely filed original pleading to be considered "itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). An amended complaint must meet the following conditions to relate back:

> "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." . . . Additionally, the second and third requirements must have been fulfilled within 120 days after the original complaint is filed, as prescribed by Federal Rule of Civil Procedure 4(m).

*Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1202 (9th Cir. 2014) (citation omitted).

Here, Defendant City of El Cajon argues that "there is absolutely nothing to indicate that the City of El Cajon knew or should have known that the action would have been brought against it" and that "no City of El Cajon employees or agents were alleged to be involved in the arrest." (ECF No. 42-1, at 10.) Plaintiff, in his opposition, argues that he did not know the names of all the agencies involved when he submitted his original claim, and that the City of El Cajon should have known this action would be brought against it because he "stated that the officers who caused [his] damage were hire[d] by American authorities." (Opp'n 24, ECF No. 53.) Plaintiff also argues that in his original Complaint he explained that his arrest in Mexico was due to a warrant. (*Id.*)

First, the Court notes that the FAC was filed on March 2, 2016, which was 511 days after the original Complaint was filed on November 8, 2014. Thus, even if Defendant City of El Cajon should have known that the action would have been brought against it, the FAC was not filed within the required time limits of Federal Rule of Civil Procedure 4(m) to

properly relate back as to Defendant City of El Cajon.  *Butler*, 766 F. 3d at 1202.

Additionally, the Court does not find that Plaintiff's allegation of "American authorities" is sufficient enough to conclude that Defendant City of El Cajon should have known that the lawsuit would have been filed against it, but for Plaintiff's error. In particular, the original Complaint does not mention City of El Cajon employees or agents, much less the city itself.  Without more detail, Plaintiff's allegation of "American authorities" could apply equally to any law enforcement department in the United States. Moreover, although a warrant led to his arrest, Plaintiff does not mention any details in the original Complaint about when or where the warrant was issued, or how—if at all—Defendant City of El Cajon was involved in issuing that warrant.  Therefore, the Court finds that the FAC does not relate back to the original Complaint as to Defendant City of El Cajon.

In the absence of a relation back to the original Complaint, the filing date for Plaintiff's claims against Defendant City of El Cajon is March 2, 2016, which is more than five years after the claim accrued.  Five years exceeds both the two-year statute of limitations for a § 1983 claim, and the four-year statute of limitations of prison disability tolling applicable in this case.

Thus, the Court finds that the FAC exceeds the statute of limitations as to Defendant City of El Cajon.  However, because of the prison disability tolling, the FAC is not time-barred as to Defendants City of San Diego and County of San Diego.[4]

Accordingly, the Court **GRANTS** Defendant City of El Cajon's Motion to Dismiss based on the expiration of the statute of limitations, and **DENIES** Defendants City of San Diego's and County of San Diego's Motions to Dismiss based on the expiration of the statute of limitations.

/ / /

---

[4] Plaintiff argues extensively for equitable tolling in the FAC. (FAC 21–29, ECF No. 27.)  However, in light of the statutory tolling determinations above, the Court need not reach the equitable tolling allegations in deciding the instant Motions to Dismiss.

14-cv-2404 JLS (KSC)

## 2.  Scope of Permission to Amend Complaint

Defendants County of San Diego and City of El Cajon argue that Plaintiff's FAC exceeded the scope of his amendment request and the Court's subsequent Order Granting Plaintiff's Motion to Amend Complaint by adding parties and claims not mentioned in Plaintiff's request. (ECF No. 30-1, at 3; ECF No. 42-1, at 11.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  *See also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded.") (internal quotation marks omitted).  Leave to amend is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman*, 371 U.S. at 182.  "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel.'"  *Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)).

Here, Plaintiff requested leave to amend his original Complaint to add four additional defendants.  (ECF No. 23.)  The Court granted Plaintiff leave to amend his Complaint under Federal Rule of Civil Procedure 15(a)(2), finding that it would not cause undue delay or undue prejudice to defendants.  (ECF No. 24, at 3.)

The Court finds that although the Order granting permission to amend included Plaintiff's specific request to add four additional defendants, the Order did not expressly limit the amendment to only adding the four additional defendants.  (*Id.*)  The FAC exceeded Plaintiff's request, but the nexus of the claims—Plaintiff's treatment when he

14

was arrested in Mexico—remains the same.  This was Plaintiff's first amendment to his Complaint, and responsive pleadings had not yet been served, which leans against a finding of undue prejudice to Defendants.  And because Plaintiff is a *pro se* litigant, the Court does not find that Plaintiff's additional allegations in his FAC was due to "undue delay, bad faith, or dilatory motive."  *See Foman*, 371 U.S. at 182; *Crowley*, 734 F.3d at 978.

Thus, the Court concludes Plaintiff's exceeding the scope of his request to amend the Complaint is insufficient to dismiss the FAC.  Accordingly, the Court **DENIES** the Municipal Defendants' Motion to Dismiss based on exceeding the scope of the Court's permission to amend.

### 3. Failure to State Section 1983 Claims

Defendants City of El Cajon and County of San Diego move to dismiss Plaintiff's § 1983 claims for failure to allege any facts implicating either Defendant in Plaintiff's alleged treatment.  (ECF No. 42-1, at 13–16; ECF No. 30-1, at 4–6.)  Defendant City of San Diego similarly argues that Plaintiff's FAC should be dismissed because "[n]o facts whatsoever are alleged concerning time, place, and/or circumstances of any alleged wrongdoing on the part of" Defendant City of San Diego.  (ECF No. 43-1, at 4.)

Plaintiff appears to allege that Municipal Defendants are liable under § 1983 for the following reasons: (1) Municipal Defendants issued or were responsible for the execution of the warrant that led to his arrest in Mexico, (FAC 13–14, ECF No. 27); (2) the officers who harmed him admitted they were part of the "agenc[ies] mention[ed] here, plus part of the Mexican police,"  (*id.* at 14); and (3) Municipal Defendants are responsible for the officers' actions because they had a policy authorizing agents to violate Plaintiff's rights while executing a warrant, or alternatively, that Municipal Defendants failed to train their agents to refrain from violating Plaintiff's rights, (*id.* at 13–14).

Plaintiff attached the following exhibits to his FAC: (1) A Report of Investigation ("ROI") by U.S. Marshal Jesus Guerrero concerning Plaintiff's arrest on November 7, 2010 through his booking into San Diego County Sheriff's Office Central Jail on November 10, 2010, (*id.* at 34–35); (2) a page allegedly printed from the Internet website of the U.S.

Marshals Service describing the San Diego Regional Fugitive Task Force as a multi-agency task force coordinated by the U.S. Marshals Service, (*id.* at 36); and (3) a letter addressed to Plaintiff from Angela A. Bartosik, chief deputy alternate public defender of the County of San Diego, stating that Plaintiff's jail booking of November 10, 2010 lists the arresting agency as the "Violent Crimes Task Force," and the arresting officer as "Guerrero, badge number 3792," (*id.* at 37).

The Court concludes that Plaintiff fails to state a § 1983 claim against Municipal Defendants. For one, to the extent that Plaintiff claims that Municipal Defendants are liable under § 1983 for the execution of the warrant that led to his arrest, he fails to state a claim on which relief can be granted. Plaintiff admits that a valid warrant was issued for his arrest after he failed to appear at a court hearing. (*Id.* at 8.) Here, the Court "draw[s] on its judicial experience and common sense" to recognize that a warrant for failure to appear issues from a court, not a municipality.[5] *See Iqbal*, 556 U.S. at 679. Thus, Municipal Defendants are not liable for the harm Plaintiff alleges resulted because of the issuance of a valid warrant.

Next, Plaintiff alleges a connection between Municipal Defendants and the Mexican officers who mistreated Plaintiff. (FAC 13–14, ECF No. 27.) Specifically, Plaintiff alleges the officers said they were "a part of all agenc[ies] mention[ed] here, plus part of the Mexican police." (*Id.* at 14.) But Plaintiff neither describes the officers, nor indicates how many officers were involved. On the other hand, the ROI Plaintiff attached as an exhibit offers more detail, stating that "[o]n 11/07/2010 MIL DUSM J. Guerrero and case agent SDUSM P. Beal conducted an operation in conjunction with Mexican State Police Investigative Liaisons - PEP (Policia Estatal Preventiva) in efforts to re-capture [Plaintiff] in Tijuana, B.C. Mexico." (*Id.* at 34, ECF No. 27.) The ROI further explains that the PEP

---

[5] A judge or those who perform functions comparable to a judge have absolute immunity from damages liability under § 1983 for exercising a judicial function. *See Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

took custody of Plaintiff in Mexico immediately after the arrest, and did not deport him to the United States and into U.S. Marshal custody until three days later:

> [Plaintiff] was immediately transported to PEP headquarters in Tijuana where he underwent the preliminary documentation for further disposition with Mexican Immigration (INAMI). It was later determined [Plaintiff] was to be held overnight at PEP headquarters . . . for further disposition with INAMI . . . . At approximately 11:45 hours MIL DUSM Guerrero was notified by PEP MIL contacts that [Plaintiff] was going to be transported to INAMI in Mexicali, where he had been detained back in July and where he had escaped from custody on that occasion. It was revealed Mexican officials were to conduct an investigation as to that event which had been made public through the local media and to which apparently [Plaintiff] was allowed to escape.
> [. . .]
> On 11/08/2010 MIL DUSM Guerrero was notified by PEP MIL contacts that [Plaintiff] was going to be interviewed further at INAMI in Mexicali regarding the escape incident for which the Mexican Attorney General's Officer (PGR – Procuraduria General de la Republica) was continuing to investigate.
> […]
> [On 11/10/2010] MIL DUSM Guerrero received another call from PEP Agents stating they had just cleared [Plaintiff] from INAMI in Tijuana and were transporting him to the pedestrian crossing at the SYPOE with an estimated arrival time in 20 minutes. DUSM Guerrero immediately headed to the Port and advised CBP Officials regarding the pending transfer of custody from Mexican Authorities of International Fugitive ARELLANO.

(FAC 34–35, ECF No. 27.)

The ROI contradicts Plaintiff's allegations that the Mexican officers were acting as agents of Municipal Defendants. According to the ROI, Plaintiff was held in Mexico by Mexican officers and questioned for Mexican law enforcement purposes from the time of his arrest until deportation. The Court is faced with two possible explanations, only one of which results in possible liability for Municipal Defendants: either (1) the Mexican officers were working as agents of Municipal Defendants, or (2) they were working as agents of

Mexican law enforcement.  In this situation, "something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render [Plaintiff's] allegations plausible" and not merely consistent.  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014) (citation omitted).

Here, Plaintiff has failed to allege "something more" to render his claims plausible.  Plaintiff's sole allegation is that the Mexican officers claimed to be agents for the City of San Diego, the County of San Diego, and the City of El Cajon.  This does not exclude the possibility that the agents were working under color of Mexican law, as was explained in the ROI.  Furthermore, the Court need not accept as true allegations that are contradicted by exhibits attached to the FAC.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Finally, Plaintiff alleges a *Monell* claim against Municipal Defendants, claiming they had a policy of authorizing agents to violate Plaintiff's rights while executing a warrant, or alternatively, that Municipal Defendants failed to train their agents to refrain from violating Plaintiff's rights.  (FAC 2, 13, 20, ECF No. 27.)  However, even if Plaintiff sufficiently alleged that the Mexican officers were acting under color of California law, Plaintiff fails to plausibly claim that the officers who abused him were operating under a policy adopted by the Municipal Defendants.  Specifically, Plaintiff fails to describe any such policy or practice condoning abuse and torture that was a "moving force behind a violation of constitutional rights."  *See Dougherty*, 654 F.3d at 900.  Moreover, Plaintiff alleges other reasons for his mistreatment.  He claims the officers said they were abusing him because of "the nature of the crime [he] was charge[d] for, 'statutory rape.'"  (FAC 16, ECF No. 27.)  They also allegedly mistreated Plaintiff "when [he] wasn't complying with their orders of calling [his] family to wire them money" because he has an "Arellano last name" and they assumed he was "part of the multi[-]millionaire drug cartel of the Arellano's in T.J. Mexico."  (*Id.*)

Plaintiff also fails to plausibly allege that his mistreatment was due to Municipal Defendants' failure to train the agents purportedly responsible for his mistreatment.

Specifically, Plaintiff does not allege any facts demonstrating that Municipal Defendants were in charge of any of the officers involved.  And even if they were, Plaintiff does not provide any facts demonstrating that Municipal Defendants were nevertheless deliberately indifferent to—much less actually condoned—the officers' mistreatment of Plaintiff (and presumably others).  Instead, Plaintiff only makes a bare assertion of "failure to train" instead of alleging "proof that a municipal actor disregarded a known or obvious consequence of his action." *See Thompson*, 563 U.S. at 61.

In sum, Plaintiff fails to state plausible § 1983 claims against Municipal Defendants. Accordingly, the Court **GRANTS** Municipal Defendants' Motions to Dismiss for failure to state a § 1983 claim.

## II.    Section 1985(3) Claims

Plaintiff appears to argue that all of the officers conspired to deprive him of his liberty and property by torturing him together; "encourag[ing] each other to do it, laughing like it was funny;" and claiming "that all of them have constantly work[ed] together." (FAC 14–15, ECF No. 27.)  Plaintiff also argues that his equal protection rights were violated because he was "singled out as an individual for 'arbitrary and irrational treatment,' even though [he] might not be a member of a certain group." (FAC 16, ECF No. 27.)  Plaintiff appears to argue that he was singled out and treated differently for any of the following reasons: (1) he said he is Christian; (2) he had been charged with statutory rape; and (3) he has the same last name as a "multi[-]millionaire drug cartel" in Mexico. (*Id.*)

Municipal Defendants do not address Plaintiff's Section 1985(3) claims directly, but they appear to include them generally by urging dismissal of all causes of action. (*See* ECF No. 42-1, at 4; ECF No. 30-1, at 1; ECF No. 43-1, at 2.)  The Court may also *sua sponte* dismiss a claim in Plaintiff's FAC for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

/ / /

/ / /

### A. Applicable Law

In the Ninth Circuit,

> [t]o state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

*Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).  In a § 1985(3) claim, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sprewell*, 266 F.3d at 989 (finding dismissal of a § 1985(3) claim proper because plaintiff failed to state a claim for racial discrimination).

The Supreme Court has also recognized a deprivation of the equal protection of the laws "brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 602 (2008) ("What seems to have been significant in *Olech* and the cases on which it relied was the existence of a clear standard against which departures, even for a single plaintiff, could be readily assessed."). "However, in order to state a 'class of one' Equal Protection claim, plaintiff must allege facts showing that the [municipality] had a custom, practice or policy of treating him *differently*" than it treated others similarly situated.  *Giddens v. Suisun City*, No. 2:14-CV-0943 AC PS, 2015 WL 692448, at *6 (E.D. Cal. Feb. 18, 2015) (emphasis in original), *report and recommendation adopted*, No. 2:14-CV-0943 TLN AC, 2015 WL 1907770 (E.D. Cal. Apr. 24, 2015).

/ / /

/ / /

### B. Analysis

The Court finds that Plaintiff fails to state § 1985 claims against Municipal Defendants.  As stated above, Plaintiff fails to allege a plausible claim that the officers who abused him were acting under color of state law.  And even if he was able to make that connection, Plaintiff's claim of a conspiracy is conclusory, since he alleges no facts demonstrating that Municipal Defendants somehow conspired with those responsible for his alleged mistreatment.  Additionally, his conclusory claim of a conspiracy to violate his civil rights contains no allegations of a racial or class-based animus necessary to state a claim under § 1985(3).  *See Sprewell*, 266 F.3d at 989.  Plaintiff appears to recognize this and instead argues that he was "singled out as an individual" and cites to *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  (FAC 16, ECF No. 27.)  However, as above, he alleges no facts showing that Municipal Defendants have a custom, practice, or policy of treating him differently from other fugitives.  *See Giddens*, 2015 WL 692448, at *6 ("[I]n order to state a 'class of one' Equal Protection claim, plaintiff must allege facts showing that the police department had a custom, practice or policy of treating him *differently* than it treated his neighbors. The complaint alleges no specific facts regarding the history of police response to the comparable complaints of plaintiff's neighbors.") (emphasis in original).

Thus, the Court finds Plaintiff has failed to state a claim on which relief can be granted pursuant to § 1985(3).  Accordingly, the Court **GRANTS** the Municipal Defendants' Motions to Dismiss for failure to state a § 1985(3) claim.

### III.  Section 1986 Claims

As above, Municipal Defendants do not address Plaintiff's § 1986 claims directly, but they appear to include them generally by urging dismissal of all causes of action. Nevertheless, the Court *sua sponte* finds that Plaintiff has failed to allege § 1986 claims against Municipal Defendants.

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985."  *Cerrato v. S.F. Cmty.*

21

*Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994); *see also* 42 U.S.C. § 1986. As discussed above, Plaintiff fails to state a conspiracy that would be actionable under § 1985, so his claims under § 1986 also fail.

Thus, the Court finds Plaintiff fails to state a claim on which relief can be granted pursuant to § 1986. Accordingly, the Court **GRANTS** Municipal Defendants' Motions to Dismiss for failure to state a § 1986 claim.

**CONCLUSION**

For the reasons outlined above, the Court **GRANTS IN PART** and **DENIES IN PART** Municipal Defendants' Motions to Dismiss. Plaintiff's claims against Defendant City of El Cajon are **DISMISSED WITH PREJUDICE**. However, Plaintiff's claims against Defendant County of San Diego and Defendant City of San Diego are **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**. Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before January 24, 2017.</u>

**IT IS SO ORDERED.**

Dated:  December 27, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

22