UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>         Plaintiff,<br><br>v.<br><br>SAN DIEGO, COUNTY OF;<br>GUERRERO, BAIL BOND;<br>GUERRERO, OFFICER;<br>VIOLENT CRIME TASK FORCE,<br><br>         Defendants. | Case No.: 14-CV-2404 JLS (KSC)<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT;**<br>**(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND**<br>**(3) DENYING PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL**<br><br>(ECF No. 60) |

  Presently before the Court is Plaintiff's Motion for Reconsideration, Certificate of Appealability, and Extension of Time to Amend Complaint. ("Mot.," ECF No. 60.) Plaintiff moves the Court to reconsider its decision dismissing with prejudice Defendant City of El Cajon, (ECF No. 58), or to certify the issue for interlocutory appeal. (*See* Mot. 1–4, ECF No. 60.[1]) Plaintiff also moves the Court for a sixty-day extension to amend his Complaint. (*Id.* at 4–5.)

---

[1] Pin citations refer to the CM/ECF numbers electronically stamped at the top of each page.

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused or in whole or in part . . . ." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, inter alia, "new or different facts and circumstances" which previously "did not exist." *Id*.

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Such reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## ANALYSIS

### I.   Motion for Reconsideration

Plaintiff moves the Court to reconsider its order dismissing with prejudice Defendant City of El Cajon from the case. (ECF No. 58.) The bulk of Plaintiff's arguments relate to reasons why he was allegedly unable to name Defendant City of El Cajon in his original Complaint. (*See* Mot. 2–4, ECF No. 60.) However, the Court's Order explained that even if Plaintiff's claims against Defendant City of El Cajon were not time barred (i.e., any additional tolling applied), there was nothing in Plaintiff's original complaint to indicate that the City of El Cajon knew or should have known that the action would have been brought against it, and thus the amended pleading did not properly relate back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c). (ECF No. 58, at 12.)

Plaintiff repeats the same arguments, and again argues that a reference to "American Authority" in the original complaint should have put the City of El Cajon on notice for purposes of Rule 15(c). (Mot. 3, ECF No. 60.) But the Court rejected that same argument in its previous Order. (*See* ECF No. 58, at 13.) The Court sees no reason to reconsider its prior Order. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.

## II.  Motion for Interlocutory Appeal

Plaintiff also requests a certificate of appealability for this portion of the Court's order, but this is not a habeas corpus proceeding. *See* 28 U.S.C. § 2253. Accordingly, the Court construes Plaintiff's request as a motion for interlocutory appeal.

Title 28 U.S.C. § 1292(b) provides, in pertinent part, that a district judge may certify an order for immediate interlocutory appeal if the judge is "of the opinion" that: (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion" as to the resolution of that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See Kaltwasser v. AT&T Mobility*, 2011 WL 5417085, at *1 (N.D. Cal. Nov. 8, 2011); *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008). Such certification should only be granted "in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

Plaintiff has not demonstrated any of the requirements of Section 1292(b), and the Court cannot find any reason that an immediate appeal would materially advance the ultimate termination of the litigation. Instead, it would further delay resolution of this case and result in unnecessary trouble and expense. The Court thus finds the circumstances presented in this case do not overcome the general policy disfavoring piecemeal appeals, and that they do not merit § 1292(b) certification. Accordingly, the Court **DENIES** Plaintiff's request for interlocutory appeal.

## III.  Motion for Extension of Time

Plaintiff also requests sixty days from January 24, 2017 to amend his complaint

against the remaining Defendants. Plaintiff notes that he has been denied access to the law library, is unable to make any copies, and thus will be unable to submit an amended complaint by January 24, 2017. Good cause appearing, the Court **GRANTS** Plaintiff's motion for extension of time. Accordingly, Plaintiff **SHALL FILE** his amended complaint on or before March 27, 2017.

**IT IS SO ORDERED.**

Dated:  January 24, 2017

Hon. Janis L. Sammartino
United States District Judge