UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO, COUNTY OF, et al.,<br><br>                              Defendants. | Case No.:  14-cv-2404 JLS (KSC)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS; AND (2) DENYING MOTION FOR RECONSIDERATION** |

Presently before the Court are Motions to Dismiss filed by Defendant County of San Diego, City of San Diego, and City of El Cajon (ECF Nos. 64, 65, and 70, respectively). Also before the Court is Plaintiff Raul Arellano, Jr.'s response in opposition to, (ECF No. 81), and Defendants' replies in support of, (ECF Nos. 82, 83, 84), their various motions. Plaintiff also filed a Motion for Reconsideration regarding the Court's dismissal with prejudice of Defendant City of El Cajon. ("Mot. for Reconsideration," ECF No. 73.) City of El Cajon opposed this motion, ("Mot. for Reconsideration Opp'n," ECF No. 79), and Plaintiff filed a reply in support of his motion, ("Mot. for Reconsideration Reply," ECF No. 85). After considering the parties' arguments and the law, the Court rules as follows.

## PROCEDURAL BACKGROUND

On October 8, 2014, Plaintiff filed his original Complaint ("Compl.") against the "County of San Diego, Bail Bond Agency of Guerrero, Arreste [sic] officer Guerrero, [and] Fugitive Task Force," alleging three causes of action under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights.[1] (ECF No. 1.) Plaintiff's causes of action arise out of an arrest occurring on November 7, 2010 at El Rey Motel in Tijuana, Mexico by a host of officers including a U.S. marshal and Mexican authorities. (Compl. 5,[2] ECF No. 1.)

On July 15, 2015, Defendant County of San Diego moved to dismiss the Complaint, claiming that Plaintiff failed to allege any misconduct on the part of the county and that Plaintiff's claims were time-barred. (ECF No. 13-1, at 3–4.)

On November 19, 2015, Plaintiff filed a Motion to Amend to add four additional defendants: "[t]he San Diego Regional Fugitive Task Force; Jesus Guerrero; P. Beal; U.S. Marshalls [sic]." (ECF No. 23, at 1.) Plaintiff explained that further investigation since the filing of his Complaint allowed him to discover the names and addresses of these additional Defendants who "connect" the Mexican and American authorities. (*Id.*) The Court granted leave for Plaintiff to amend his Complaint under Federal Rule of Civil Procedure 15(a)(2). (ECF No. 24, at 3.) Consequently, the Court also denied as moot Defendant County of San Diego's Motion to Dismiss. (*Id.* at 5.)

On March 2, 2016, Plaintiff filed his amended Complaint ("FAC"), naming the following Defendants in the form outline: (1) City of El Cajon; (2) City of San Diego; (3) County of San Diego; (4) Guerrero Bail Bonds; (5) Henry L. Guerrero; (6) San Diego Regional Fugitive Task Force; (7) Jesus Guerrero, U.S. Marshal; (8) P. Beal, case agent, SDUSM; (9) United States Marshals office; and (10) the United States. (FAC 2–3, ECF

_____

[1] Plaintiff listed County of San Diego in the case caption, but omitted County of San Diego from the complaint form outline. (ECF No. 1, at 1–2.) Instead, Plaintiff included City of San Diego in the complaint form outline. (*Id.* at 2.)

[2] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

No. 27.)

In his FAC, Plaintiff sought damages allegedly resulting from excessive force and torture during Plaintiff's arrest and pre-trial detention in Mexico under 42 U.S.C. §§ 1983, 1985, and 1986.[3] (*Id.* at 7–8, 14.) Plaintiff additionally alleged violations of his guaranteed rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, (*id.* at 7), and a *Bivens* action for money damages against U.S. Marshal Guerrero and P. Beal, (*id.* at 31).

The moving Defendants partially succeeded in their motions to dismiss Plaintiff's FAC, but the Court granted Plaintiff leave to amend his complaint and file a second amended complaint. (*See* First MTD Order.) However, the Court dismissed Defendant City of El Cajon with prejudice for failure to relate back to the original Complaint under Federal Rule of Civil Procedure 15. (*Id.*) Plaintiff moved for reconsideration of this portion of the Order, (ECF No. 60), which the Court denied, (ECF No. 61). Plaintiff again moves for reconsideration of the Court's dismissal of Defendant City of El Cajon, which the Court addresses below. Moving Defendants also seek to dismiss Plaintiff's amended claims against them with prejudice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[3] The Court incorporates by reference the background facts set forth in its previous Order, ("First MTD Order 4–5," ECF No. 58), since Plaintiff has attached his FAC as part of his SAC. (*See generally* SAC.)

*Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Particularly in civil rights cases, courts have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)). However, in giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In the Ninth Circuit, a court should grant a *pro se* litigant leave to amend his complaint "'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Before a complaint is dismissed, a court must give the *pro se* plaintiff some notice of the complaint's deficiencies. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez,* 203 F.3d at 1126–30). However, when amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (citing *Noll*, 809 F.2d at 1448).

## ANALYSIS

### I. Section 1983 Claims

Municipal Defendants[4] move to dismiss all of Plaintiff's § 1983 claims. (ECF Nos. 64-1, 65-1.)

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983), *superseded on other grounds by statute*, 42 C.F.R. § 430.0. To prevail on a claim for violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must prove two

---

[4] For purposes of this Order, "Municipal Defendants" refer collectively to Defendants City of San Diego and County of San Diego. The Court addresses City of El Cajon separately when discussing Plaintiff's Motion for Reconsideration, *infra*.

elements: (1) that a person acting under color of state law committed the conduct at issue; and (2) that the conduct deprived the claimant of some right, privilege, or immunity conferred by the Constitution or the laws of the United States. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015).

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). To state a § 1983 claim against a municipality, a plaintiff must show that "a policy, practice, or custom of the entity" is "a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Municipal actions that could be subject to liability under § 1983 include "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Id.* This failure to train must at least show the municipality's deliberate indifference to the rights of its inhabitants. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Thompson*, 563 U.S. at 61 (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)).

Municipal Defendants move to dismiss Plaintiff's claims against them because Plaintiff fails to (1) allege any municipal misconduct, or (2) any policy or custom that would support a *Monell* claim. (*See generally* ECF Nos. 64-1, 65-1.)

Plaintiff alleges that Municipal Defendants are liable under § 1983 for the following reasons: (1) Municipal Defendants issued or were responsible for the execution of the warrant that led to his arrest in Mexico, (SAC 23); (2) the officers who harmed him admitted they were part of the "agenc[ies] mention[ed] here, plus part of the Mexican police," (*id.* at 24); and (3) Municipal Defendants are responsible for the officers' actions because they had a policy authorizing agents to violate Plaintiff's rights while executing a warrant, or alternatively, that Municipal Defendants failed to train their agents to refrain from violating Plaintiff's rights, (*id.* at 23–24). (*See also id.* at 13–14.)

The Court concludes that Plaintiff plausibly states a § 1983 claim against Municipal Defendants. To begin, the Court finds that Plaintiff plausibly alleges a connection between Municipal Defendants and the officers, both American and Mexican, who mistreated Plaintiff. (*Id.* at 7, 10.) Specifically, Plaintiff alleges that the American officers "admitted working for (1) U.S. Marshalls; police of San Diego City & County; City of El Cajon; [and] San Diego Sheriff." (*Id.*; *see also id.* at 12 (noting that the "fugitive task force" was composed of the U.S. Marshals Service and officers who worked for Municipal Defendants).) As for the Mexican officers, Plaintiff alleges that they were not working under color of Mexican law but rather as agents of the Municipal Defendants in assisting them to execute their warrant. (*Id.*) The Court found, in its previous Order, that Plaintiff failed to provide sufficient allegations connecting these agents to the municipal Defendants. Plaintiff has done so in his SAC. The Court further notes that his attached exhibit, a Report of Investigation ("ROI") by the U.S. Marshals Service, (*id.* at 44), does not now contradict his allegations because he alleges that while the Mexican officers were *de jure* working under color of Mexican law, they were *de facto* agents of the Municipal Defendants in at least some of the events that transpired in 2010. (*Id.* at 11.) Thus, the Court finds that Plaintiff has alleged at least a plausible connection between the Municipal Defendants and all of the officers and/or agents involved in the incident.[5]

---

[5] Whether such a connection actually existed is, of course, a question beyond the scope of this Order.

Plaintiff also alleges a *Monell* claim against Municipal Defendants, claiming they had a policy of authorizing agents to violate Plaintiff's rights while executing a warrant, or alternatively, that Municipal Defendants had a policy encouraging their officers to violate fugitives' constitutional rights in Mexico and/or failed to train their agents to refrain from violating the same. (*Id.* at 13–14.) The Court previously found that Plaintiff failed to plausibly claim that the officers who abused him were operating under a policy adopted by the Municipal Defendants. (First MTD Order 18–19.) Plaintiff has cured that deficiency in his SAC. Specifically, Plaintiff alleges that

> According to all officers who arrested me and tortured me, and who claim to be employees or work for the Municipal Defendants. They said that they can injure[] me, torture me, rob[] me, deprive me of all Constitutional rights as long as [it] is in Mexico territory. It was a custom ("habit, practice, routine, matter of course") for them to do this with all those who from the U.S. come to Mexico with a warrant and they find them. According to all officers, "the municipals (defendants on this claim) know about th[ese] actions and don't tell them to stop practicing such custom. Instead th[ey're] told that as long as everything takes place in Mexico territory it's ok because defendants (municipals) can't be held liable for it."

This sufficiently describes a policy or practice condoning abuse and torture that was a "moving force behind a violation of constitutional rights." *See Dougherty*, 654 F.3d at 900. These allegations, taken as true, are sufficient to give Municipal Defendants fair notice of the allegedly unlawful policies and practices in place. Nothing more is needed at this stage of the case. *See, e.g.*, *Johnson v. Shasta Cty.*, 83 F. Supp. 3d 918, 931 (E.D. Cal. 2015) (finding similar allegations sufficient at the pleading stage). And they also suffice to support Plaintiff's claim that Municipal Defendants failed to train their alleged agents, since Plaintiff now adequately alleges "proof that a municipal actor disregarded a known or obvious consequence of his action." *See Thompson*, 563 U.S. at 61; *Johnson*, 83 F. Supp. 3d at 931–32 (finding same based on similar allegations). Accordingly, the Court **DENIES**

the Municipal Defendants' Motion to Dismiss Plaintiff's § 1983 claim.[6]

## II.    Section 1985(3) Claims

Municipal Defendants move to dismiss Plaintiff's §§ 1985 and 1986 claims because Plaintiff fails to supply any allegations whatsoever to support such claims. (*See generally* ECF Nos. 64-1, 65-1.)

In the Ninth Circuit,

> [t]o state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

*Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). In a § 1985(3) claim, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sprewell*, 266 F.3d at 989 (finding dismissal of a § 1985(3) claim proper because plaintiff failed to state a claim for racial discrimination).

Plaintiff again argues that all of the officers conspired to deprive him of his liberty and property by torturing him together; "encourag[ing] each other to do it, laughing like it was funny"; and claiming "that all of them have constantly work[ed] together." (SAC 26.) Plaintiff also argues that his equal protection rights were violated because he was "singled

---

[6] However, the Court separately notes that to the extent Plaintiff claims that Municipal Defendants are liable under § 1983 for the execution of the warrant that led to his arrest, he fails to state a claim on which relief can be granted. Plaintiff admits that a valid warrant was issued for his arrest after he failed to appear at a court hearing. (*Id.* at 7.) Here, the Court "draw[s] on its judicial experience and common sense" to recognize that a warrant for failure to appear issues from a court, not a municipality. *See Iqbal*, 556 U.S. at 679. Thus, Municipal Defendants are not liable for the harm Plaintiff alleges resulted because of the issuance of a valid warrant.

9

out as an individual for 'arbitrary and irrational treatment,' even though [he] might not be a member of a certain group." (*Id.*) As before, Plaintiff appears to argue that he was singled out and treated differently for any of the following reasons: (1) he said he is Christian after officers asked why he was wearing a cross necklace; (2) he had been charged with statutory rape; and (3) he has the same last name as a "multi[-]millionaire drug cartel" in Mexico. (*Id.*)

The Court finds that Plaintiff again fails to state § 1985 claims against Municipal Defendants. As stated above, Plaintiff alleges a plausible claim for a violation of § 1983. But that is not enough to sustain Plaintiff's §§ 1985 and 1986 claims, despite Plaintiff's erroneous belief that he "didn't mention that much about 1985, 1986 [in his SAC] because once 1983 is established, I don't see why not the facts won't fall in criteria of 1985/1986." (ECF No. 81, at 6.) As before, Plaintiff's claim of a conspiracy is conclusory, since he alleges no facts demonstrating that Municipal Defendants somehow conspired with those responsible for his alleged mistreatment. This alone is fatal to Plaintiff's §§ 1985 and 1986 claims. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient."); *Bey v. City of Oakland*, No. 14-CV-01626-JSC, 2016 WL 1639372, at *16 (N.D. Cal. Apr. 26, 2016) (noting that the court had previously dismissed conspiracy claims where the complaint did "not include facts demonstrating that [Oakland Police Department] and any individual officers entered any such agreement, what each participant's role was, whether each participant had knowledge of the plan to violate Plaintiffs' rights and how they did so"). Indeed, even if the Court were to consider his claim that his rights were violated on account of his religion, (SAC 20), his own allegations demonstrate that the officers discovered that fact while allegedly torturing him, (*id.*); thus, there is no plausible way the Municipal Defendants could have conspired with the arresting officers on the basis of his faith.

Nor do his conclusory claims of a conspiracy to violate his civil rights contain additional allegations of a racial or class-based animus necessary to state a claim under § 1985(3). *See Sprewell*, 266 F.3d at 989. Rather, his "conspiracy" claims appear to be

motivated by the fact that he believes the officers asked his family to wire them money "because [he] had a[n] Arellano last name [so] they assume[d] [he] was part of the multi-millionaire drug cartel of the Arellano's in [Tijuana], Mexico." (SAC 26.) While he argues "this can also be consid[ered] under 'ethnicity,'" (*id.*), the Court disagrees and finds that this allegation focuses on Plaintiff's assumed wealth, which is not a protected class.

As before, Plaintiff appears to recognize this deficiency and instead argues that he was "singled out as an individual" and cites to *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). (SAC 26.) However, as above, he alleges no facts showing that Municipal Defendants have a custom, practice, or policy of treating him differently from other fugitives. *See Giddens*, 2015 WL 692448, at *6 ("[I]n order to state a 'class of one' Equal Protection claim, plaintiff must allege facts showing that the police department had a custom, practice or policy of treating him *differently* than it treated his neighbors. The complaint alleges no specific facts regarding the history of police response to the comparable complaints of plaintiff's neighbors." (emphasis in original)). This is fatal to Plaintiff's claim insofar as it is based on a "class of one." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." (citing *Cassettari v. Nev. Cty*, 824 F.2d 735, 739 (9th Cir. 1987))). Rather, as discussed above, the policy Plaintiff identifies essentially allows officers to violate <u>any</u> fugitive's rights, so long as they are in Mexico when those violations occur. Nor does he plausibly allege that Municipal Defendants and the arresting officers conspired to violate his constitutional rights on this basis. Accordingly, the Court **GRANTS** Municipal Defendants' Motions to Dismiss for failure to state § 1985(3) claims.

The Court must now consider whether it should grant Plaintiff an opportunity to amend his § 1985(3) claims. "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (internal quotation marks omitted). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment,

and whether the plaintiff has previously amended the complaint." *Id.*

Plaintiff has had at least two opportunities to cure the deficiencies in this claim. Most importantly, the Court explained to Plaintiff in its prior Order that §§ 1985 and 1986 have requirements <u>in addition to</u> those found in § 1983. (First MTD Order 19–22.) Plaintiff did not allege any additional facts to support this claim in his SAC, holding instead to his erroneous belief that an adequate § 1983 claim automatically entitles him to plausible relief under §§ 1985 and 1986. (ECF No. 80, at 6.) Moreover, Plaintiff has consistently alleged that the real policy underlying his *Monell* claim against Municipal Defendants is that they encourage or otherwise turn a blind eye to the inappropriate conduct of their officers who execute warrants in Mexico, not that they conspired with the arresting officers to violate Plaintiff's rights on account of his protected class, whatever that may be. Thus, the Court finds that any further amendment to allege such a conspiracy would likely not be in good faith. And a third amendment would prejudice Municipal Defendants, who would likely file a third motion to dismiss. Given these considerations, the Court declines to allow Plaintiff another opportunity to amend these claims and thus **DISMISSES WITH PREJUDICE** his § 1985 claims against Municipal Defendants.[7]

### III. Section 1986 Claims

Municipal Defendants also argue that Plaintiff fails to state claims under § 1986. (ECF No. 64-1, at 4; ECF No. 65-1, at 3.)

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994); *see also* 42 U.S.C. § 1986. As discussed above, Plaintiff fails to state a conspiracy that would be actionable under § 1985, so his claims under § 1986 also fail. *Karim-Panahi*, 839 F.2d at 626 ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."). Thus, the

---

[7] For this reason the Court need not reach Municipal Defendants' alternative Motion for Judgment on the Pleadings.

Court finds Plaintiff fails to state a claim on which relief can be granted pursuant to § 1986. Accordingly, the Court **GRANTS** Municipal Defendants' Motions to Dismiss for failure to state a § 1986 claim, and for the same reasons **DISMISSES WITH PREJUDICE** his § 1986 claims against Municipal Defendants.[8]

### MOTION FOR RECONSIDERATION

In the Court's previous Order, Defendant City of El Cajon argued that even if Plaintiff's first Complaint was not time-barred, the FAC was time-barred as to any claims against Defendant City of El Cajon because the FAC did not relate back to the original Complaint. (ECF No. 42-1, at 10.) The Court found that Plaintiff's suit against Defendant City of El Cajon did not relate back to the original Complaint under Federal Rule of Civil Procedure 15(c). (*See* First MTD Order.)

Plaintiff now moves for reconsideration of the Court's dismissal of Defendant City of El Cajon on several grounds.[9] The Court considers each in turn.

### I. California Relation Back Doctrine

First, Plaintiff argues that the Court should have considered California's relation back doctrine, which would have supported his argument that his FAC related back to his original Complaint as to Defendant City of El Cajon. (*See generally* Mot. for Reconsideration.) The Court disagrees.

Whether an amendment relates back in an action under 42 U.S.C. § 1983 requires a court to "consider both federal and state law and employ whichever affords the more permissive relation back standard." *Klamut v. Cal. Highway Patrol*, No. 15-CV-02132-

---

[8] For this reason the Court need not reach Municipal Defendants' alternative Motion for Judgment on the Pleadings.

[9] Among them, Plaintiff urges the Court to reconsider its finding that the FAC does not relate back to the original Complaint as to City of El Cajon. (Mot. for Reconsideration 5–7.) Specifically, Plaintiff argues that City of El Cajon would have been sued but for a mistake concerning its identity. (*Id.* (citing Fed. R. Civ. P. 15(c)(1)(C)).) However, as the Court explained in its prior Order, (First MTD Order 12–13), City of El Cajon did not receive adequate notice, and thus was prejudiced, barring relation back under Rule 15(c)(1).

MEJ, 2015 WL 9024479, at *4 (N.D. Cal. Dec. 16, 2015) (citing *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1201 (9th Cir. 2014)). California Code of Civil Procedure section 473(a)(1), which governs amendment of pleadings, does not expressly permit relation back of amendments. But California courts have held that section 473(a)(1) "does not authorize the addition of a party for the first time whom the plaintiff failed to name in the first instance." *Kerr-McGee Chem. Corp. v. Superior Court*, 160 Cal. App. 3d 594, 598 (1984). However, "where an amendment does not add a 'new' defendant, but simply corrects a misnomer by which an 'old' defendant was sued, case law recognizes an exception to the general rule of no relation back." *Hawkins v. Pac. Coast Bldg. Prods., Inc.*, 124 Cal. App. 4th 1497, 1503 (2004) (citations omitted). Thus, section 474[10] of the California Code of Civil Procedure permits a plaintiff to substitute a new defendant for a fictitious Doe defendant named in the original complaint. *Woo v. Superior Court*, 75 Cal. App. 4th 169, 176 (1999). But in order to come under that exception the plaintiff must have been "genuinely ignorant" of the new defendant's identity at the time the plaintiff filed the original complaint. *Id.* at 177. "[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Butler*, 766 F.3d at 1198 (quoting *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983)).

Plaintiff's original Complaint did not name any "Doe" defendants in the case caption or in the body of the Complaint. (*See generally* Compl.) Nor did Plaintiff identify any unknown defendant under a different moniker, like "Officer 1" or "Agency 1." Rather, Plaintiff named (1) County of San Diego;[11] (2) Bail Bond Agency of Guerrero; (3)

---

[10] Section 474 provides, in relevant part:

> When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly[.]

[11] Plaintiff later also names "City of San Diego" as a Defendant. (Compl. 2.)

"Arreste" Officer Guerrero; and (4) Fugitive Task Force. (Compl. 1.)

However, Plaintiff argues that his references to "American Authorities" and "City of San Diego" in the body of his Complaint are sufficient misnomers for Defendant City of El Cajon under California's relation back doctrine. (Mot. for Reconsideration 6; Mot. for Reconsideration Reply 3–5.) The Court considers each in turn, and finds that neither placeholder is sufficient.

Plaintiff argues that at least two references to American Authorities in his Complaint suffice under California relation back law. (Mot. for Reconsideration Reply 4.) First, he references his statement that "[t]hey wouldn't had [sic] looked for me if they wouldn't had [sic] been hired and told to do so by the American Authority. Either by Guerrero bail bonds or the City of San Diego." (*Id.* citing Compl. 5.) The problem with this passage is that Plaintiff identifies "American Authority" as either "Guerrero bail bonds or the City of San Diego." There is nothing here to suggest that American Authority was another entity.

Second, Plaintiff references the following passage from his original Complaint:

> I believe the City of San Diego, the Bail Bond Guerrero, the Arresting Officer Guerrero, are all responsible because they should have known that by hiring this Team to find me, arrest me, and turn me in to U.S. it gave those officers the right to act as American Officers in arresting me for American Warrant. The American Agency wouldn't have been responsible if they never had hired or given them the job of arresting me due to [sic] warrant. . . . Who ever [sic] gave them the job to find me and arrest me should be liable for all damages this [sic] officers inflicted on me.

(*Id.* citing Compl. 8–9.) This is insufficient for at least two reasons. First, this passage does not even reference "American Authorities." To the extent Plaintiff argues that "American Agency" is a sufficient placeholder, that argument is undercut by the fact that, again, Plaintiff appears to have limited "American Agency" to the "City of San Diego, The Bail Bond Guerrero, [and] The Arresting Officer Guerrero" in the preceding sentence.

While Plaintiff later states "who ever [sic] gave them the job to find" him should be liable, that sentence arguably refers to the three possible named Defendants at the start of that same paragraph, and, even if not, the Court does not find that "who ever" is a sufficient Doe party placeholder under California law.

Plaintiff does not cite any other references to American Authorities. But the Court's independent review of his Complaint reinforces the Court's finding that Plaintiff limits the definition of "American Authorities" in his Complaint. For instance, the full context of Plaintiff's first passage reads as follows:

> According to the Mexican Fugitive Task Force, they were hired to locate me, arrest me, turn me into the U.S. This [sic] officers were the same ones who arrested me in July 2010 in Mexico. *For such reason I do say this Task Force Team were [sic] hired by Guerrero Bail Bond or the City of San Diego to arrest me. Specially when those officers confessed to me they were hired from American Authorities to arrest me.* They also said that they will decapitate my family if I tell the American officers what they did to me. They even said they will and did hold me for extra days in Mexico just so my personal injury could fade away before turning me into [the] U.S. *For such reason is why I know they wouldn't have looked for me or arrested me if they wouldn't had been hired or told to do so by the American Authority. Either by Guerrero Bail bonds or the City of San Diego or both.*

(Compl. 5 (emphases added).) Thus, the Court finds that Plaintiff limited "American Authorities" to, in Plaintiff's own words, either "Guerrero Bail bonds or the City of San Diego *or both*." (*Id.* (emphasis added).) Accordingly, the Court finds that Plaintiff's reference to "American Authorities" was not a generic placeholder for a Defendant like City of El Cajon. *See, e.g. Butler*, 766 F.3d at 1198 (affirming district court's finding that the allegations in the body of the plaintiff's original complaint did not plainly indicate that she intended any party, other than the sole named defendant at the time, to be a defendant); *cf. Dominguez v. Crown Equip. Corp.*, No. 2:14-CV-07935-SVW-E, 2015 WL 3477079,

at *3 (C.D. Cal. June 1, 2015) ("While the original complaint names Does 1–60, it does not describe any of the Doe defendants as being a designer, manufacturer, or installer of the shelving unit/rack. Thus, the Complaint fails to adequately identify the nondiverse defendants which Plaintiffs seek to join. Therefore, Plaintiffs have not shown that this amendment simply seeks to correct a misnomer. Thus, amendment would not be allowed under California law.").

Plaintiff also argues that his references to "City of San Diego . . . makes clear that the one [he] was holding culpable was the Agency who issue [sic] the warrant." (Mot. for Reconsideration Reply 4.) The Court might be persuaded by this argument if Plaintiff sought to replace Defendant City of San Diego with City of El Cajon. But that is not what Plaintiff seeks. To the contrary, Defendant City of San Diego <u>remains</u> a Defendant in this case, and currently has a pending motion to dismiss. In other words, Plaintiff does not seek to substitute a Defendant—he seeks to add another. This is impermissible under California law. *Woo*, 75 Cal. App. 4th at 176. Accordingly, the Court finds that "City of San Diego" was not a generic placeholder for City of El Cajon because Defendant City of San Diego remains a Defendant in this case. Thus, the Court finds that amendment would not be allowed under California law.

## II.    Equitable Tolling

Plaintiff also argues that even if the FAC does not relate back to the original Complaint under California law, the Court should toll the time from the filing of his original Complaint to the filing of his FAC.[12]

/ / /

---

[12] Plaintiff also argues that the Court did not consider his arguments regarding tolling from the date of the incident in 2010 through the date of the filing of his original Complaint. (Mot. for Reconsideration 10.) However, this argument is moot because the Court has already tolled that time period. (*See* First MTD Order.) Thus the Court need not assess the facts that he claims support equitably tolling the time between 2010 and 2014. (Mot. for Reconsideration 10 (citing ECF No. 53, at 11–18).) The question now is whether the Court should toll the time from the filing of the original Complaint to the filing of the FAC as to City of El Cajon.

In a § 1983 suit, federal courts apply the statute of limitations for personal injury actions of the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Alameda Books, Inc. v. City of L.A.*, 631 F.3d 1031, 1041 (9th Cir. 2011). In California, the relevant limitations period is two years. Cal. Civ. Proc. Code § 335.1; s*ee also Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004). The limitations period starts when the claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955 (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)).

Courts considering a § 1983 claim also apply "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). "Under California law, equitable tolling 'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Butler*, 766 F.3d at 1204 (quoting *Addison v. State*, 21 Cal. 3d 313 (1978)). "[U]nder California's test for equitable tolling, a plaintiff must establish timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Butler*, 766 F.3d at 1204 (internal quotation marks omitted).

First, Plaintiff appears to argue that the four-year tolling the Court granted in its First MTD Order, which tolled the years 2010 (year of the incident) to 2014 (year of filing the original Complaint), should also apply to City of El Cajon starting on the date Plaintiff filed his original Complaint. (Mot. for Reconsideration 10.) In other words, Plaintiff requests that the four-year tolling start anew once he filed his original Complaint. The Court rejects this argument because, as the Court already explained, the limitations period starts when the claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955. That was in 2010. Therefore, the tolling period began in 2010, not in 2014. So the Court cannot apply the four-year tolling as to City of El Cajon from 2014 to 2016.

Nor is the Court convinced that the period from 2014 to 2016 should be equitably tolled to allow the inclusion of City of El Cajon. As another court recently explained confronting a similar scenario:

> [Equitable tolling], however, does not extend so far as to toll the statute of limitations during the pendency of *a different lawsuit,* brought on Plaintiff's behalf as the real party in interest, against a completely different party. Equitable tolling exists to permit a plaintiff to pursue non-judicial remedies when such remedies are available, while not prejudicing said plaintiff from seeking judicial recourse if those remedies prove inadequate. *Cf. Addison,* 578 F.2d 941, 943–44. *McDonald* permits tolling of the statute of limitations when the alternative legal remedy and judicial remedy are brought against the same defendant, but Olympus was never a party to the DFEH's lawsuit. *See DFEH v. Gyrus ACMI, LP et al.,* Case No. 13–cv1454–BLF (naming only Gyrus and Does 1–30 as defendants). The DFEH's lawsuit against Gyrus therefore cannot toll the statute of limitations against Olympus.

*Williams v. Gyrus ACMI, LP*, No. 14-CV-00805-BLF, 2014 WL 4771667, at *5 (N.D. Cal. Sept. 24, 2014) (emphasis in original). Here, the Court finds that equitable tolling cannot toll the fourteen-month period between the filing of the original Complaint and his FAC. As in *Williams*, Plaintiff, in his original Complaint, did not pursue an alternative remedy against City of El Cajon. Rather, Plaintiff pursued a legal remedy against Defendants *other than* City of El Cajon. Accordingly, the Court concludes that this circumstance of equitable tolling is not applicable to Plaintiff's claims against City of El Cajon.[13] *See also, e.g.,*

---

[13] Even if it were, the Court additionally notes that City of El Cajon had no reason to know of Plaintiff's claim against it based on the original Complaint. *See, e.g.*, *Kamar v. Krolczyk*, No. 1:07-CV-0340 AWITAG, 2008 WL 2880414, at *9 (E.D. Cal. July 22, 2008) ("The first requirement of timely notice 'requires that [the] plaintiff have filed the first claim within the statutory period' and that claim must 'alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the

*Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998) ("[A]ppellants pursued successive claims in the *same* forum, and therefore equitable tolling did not apply." (emphasis in original)); *Kamar*, 2008 WL 2880414, at *9 ("[W]here the first proceeding does not seek relief against the defendant in the second proceeding, equitable tolling does not apply." (quoting *Apple Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co.*, 98 Cal. App. 4th 934, 937 (2002), *as modified on denial of reh'g* (June 26, 2002))); *id.* ("For example, a workers' compensation claim equitably tolls a personal injury action against that same employer for injuries sustained in the same incident, but it would not ordinarily 'toll a personal injury action against a third party who might also be liable for the injury.'" (quoting *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924–25 (1983)).

Furthermore, Plaintiff's motion fails even under the more general equitable tolling considerations focusing on fundamental fairness. S*ee, e.g.*, *Jones*, 393 F.3d at 928. Specifically, Plaintiff fails to demonstrate reasonable and good faith conduct from the filing of his original Complaint to the filing of his FAC. Rather, Plaintiff's motion focuses on his actions from 2010 through 2014, on which he relies to support his erroneous belief that this period of four years can support four years after the filing of the original Complaint as to City of El Cajon. (Mot. for Reconsideration 10 (citing ECF No. 53, at 11–18).) Thus, Plaintiff has presented no evidence that might otherwise "suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" *Jones*, 393 F.3d at 928 (citing *Lantzy v. Centex Homes*, 31 Cal. 4th 363 (2003)).

To be sure, Plaintiff argues that the Court should toll the time between 2014 to 2016 "due to [his] incarceration, [indigence], and no access to law library . . . ." (ECF No. 73, at 12.) But these are not the types of extraordinary circumstances which should justify the tolling of a statute of limitations for roughly fourteen months against a completely new

---

second claim.'" (quoting *Davilton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1138 (9th Cir. 2001))).

Defendant when Plaintiff had already filed the operative case. *See, e.g.*, *FAUSTINO RUA ORTIZ, Plaintiff, v. MADRUGA, et al., Defendants. Additional Party Names: Martinez, Roberto R. Duke, Susan Soliz*, No. 116CV01823LJOEPG, 2017 WL 2833314, at *4 (E.D. Cal. June 30, 2017) (noting that extraordinary circumstances justifying equitable tolling have been held to include circumstances where a plaintiff is completely disabled due to mental incompetence and collecting cases). And Plaintiff fails to provide any binding or persuasive authority in this Circuit supporting his argument that the Court should toll the statute of limitations under this scenario.[14]

Moreover, the Court further finds that any such evidence would be outweighed by prejudice to City of El Cajon. *See, e.g.*, *Jones*, 393 F.3d at 928 (noting that California's equitable tolling doctrine applies "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice" (internal quotation marks omitted)). As discussed in this and the Court's previous Order, (*see generally* First MTD Order), the Court finds that City of El Cajon had no reason to believe that it would be a party in this lawsuit based on the allegations in Plaintiff's original Complaint, which was filed roughly fourteen months before the FAC and thus names City of El Cajon as a Defendant roughly six years after his alleged incident took place. *See, e.g.*, *id.* ("Fairness to the defendant

_____

[14] Plaintiff's cited authority is inapposite. Specifically, Plaintiff argues that the Court should toll the time between the filing of the original Complaint and the FAC because he was diligent in trying to investigate his case. (Mot. for Reconsideration 12.) However, Plaintiff cites to out-of-circuit courts assessing the various state laws in those jurisdictions. *E.g.*, *Murphy v. West*, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008) (noting that New York law tolls the statute of limitations if a plaintiff can demonstrate diligent efforts in identifying a previously named John Doe defendant); *White v. Cooper*, 55 F. Supp. 2d 848, 855 (N.D. Ill. 1999) (equitably tolling the statute of limitations under the Seventh Circuit standard where "despite all due diligence [plaintiff] is unable to obtain vital information bearing on the existence of his claim"); *Cunningham v. Eyman*, 11 F. Supp. 2d 969, 973 (N.D. Ill. 1998) (noting that the court previously tolled the statute of limitations under Seventh Circuit law "until a reasonable time after the marshals provided the information needed" to discover the names of defendants). The Court declines to apply the equitable tolling doctrines and cases interpreting those doctrines from outside of California. *See also Akhtar v. Mesa*, No. 2:09-CV-2733 MCE AC, 2014 WL 1922576, at *8 (E.D. Cal. May 14, 2014), *report and recommendation adopted*, No. 2:09-CV-2733 MCE AC, 2014 WL 2895236 (E.D. Cal. June 25, 2014) (noting that the plaintiff failed to identify any California authority that provides for equitable tolling outside the particular contexts of disability or pursuit of relief in another forum).

requires that a case be brought when memories have not been affected by time, when all pertinent witnesses can still be called, and when physical evidence has not been destroyed or dispersed. In addition to these evidentiary concerns, the public has an interest in avoiding the cultivation of stale grievances and grudges. Statutes of limitations are not legalistic gimmicks but embody the experience of Anglo–American law that it is sound public policy to set a specific time within which a given legal action may be brought."). Accordingly, the Court **DENIES** Plaintiff's request to equitably toll the time between the filing of the original Complaint and the FAC in order to name City of El Cajon as a Defendant in this case.

## III. Equitable Estoppel

Finally, Plaintiff argues that City of El Cajon should be equitably estopped from raising the statute of limitations as a defense. (Mot. for Reconsideration 12–13.)

Equitable estoppel "focuses primarily on the actions taken by the *defendant* to prevent a plaintiff from filing suit . . . ." *Lukovsky v. City & Cty. of S.F.*, 535 F.3d 1044, 1051–52 (9th Cir. 2008) (emphasis in original). "The doctrine of equitable estoppel, often referred to as fraudulent concealment, is based on the principle that a party should not be allowed to benefit from its own wrongdoing." *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (internal quotation marks omitted). The plaintiff carries the burden of pleading and proving the following elements of equitable estoppel: "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance." *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991); *see also Lukovsky*, 535 F.3d at 1051–52 (noting that the requirements under California law are "similar to and not inconsistent with federal common law"). As for the third element, "a plaintiff can know, or suspect, that she has a cause of action and still be 'ignorant of the true facts' of the case." *Amaro*, 653 F.3d at 813. Equitable estoppel bars a statute of limitations defense "when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." *Stitt v. Williams*,

919 F.2d 516, 522 (9th Cir. 1990).

When a party seeks estoppel against the government, "there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government." *Amaro*, 653 F.3d at 813. Put another way, a plaintiff asserting equitable estoppel "must point to some fraudulent concealment, some active conduct by the defendant '*above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Lukovsky*, 535 F.3d at 1051–52 (emphasis in original) (quoting *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006)).

According to Plaintiff, after being physically assaulted by a U.S. marshal in Mexico, that marshal told him that "if [he] complain[s] in San Diego what they did to [him] he won't plead no [sic] time limitation or any kind of defense but that such action won't stick because what happens in Mexico is not liable in the U.S." (Mot. for Reconsideration 12 (citing FAC 8).)

Plaintiff's equitable estoppel claim fails for at least two reasons. First, his claim fails because he alleges that a U.S. marshal allegedly waived the statute of limitations defense. He nowhere alleges that City of El Cajon did so. His argument thus fails at the outset because this inquiry "focuses primarily on the actions taken by the *defendant* to prevent a plaintiff from filing suit[.]" *Lukovsky*, 535 F.3d 1044 at 1051–52 (emphasis in original). Second, even if the U.S. marshal's waiver bound City of El Cajon, which it does not, Plaintiff fails to plead that he detrimentally relied on his statement (i.e., that he held off filing until later because City of El Cajon might be barred from raising a statute of limitations defense). To the contrary, Plaintiff explains that between 2010 and May 2013 he was struggling with mental health issues, and that "[a]fter May 2013 [his] symptoms got a little better . . . [a]nd that's when [he] was beginning to see more into what [he] needed to do in [his] legal stuff." (SAC 33.) Indeed, Plaintiff further explains that "due to [his] memory at that time was so bad, [he couldn't] recall[] what occurred [and thus he] was prevented to know if [he] had basis for [a] claim." (*Id.*) In other words, Plaintiff pleads that

his own health problems prevented him from filing a claim on time, not that he detrimentally relied on a statement of a Defendant. *See, e.g.*, *Bey v. City of Oakland*, No. 14-CV-01626-JSC, 2016 WL 1639372, at *10 (N.D. Cal. Apr. 26, 2016) (rejecting an equitable estoppel argument where the plaintiffs did not adequately plead detrimental reliance). Accordingly, the Court rejects Plaintiff's argument that Municipal Defendants are equitably estopped from raising a statute of limitations defense. Thus, the Court **DENIES** Plaintiff's Motion for Reconsideration and City of El Cajon remains **DISMISSED WITH PREJUDICE**.[15]

**CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Municipal Defendants' Motions to Dismiss (ECF Nos. 64, 65). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's §§ 1985 and 1986 claims against Municipal Defendants. The Court also **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 73), and thus **DENIES AS MOOT** City of El Cajon's Motion to Dismiss (ECF No. 70).

**IT IS SO ORDERED.**

Dated: August 18, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[15] For this reason the Court **DENIES AS MOOT** City of El Cajon's Motion to Dismiss. (ECF No. 70.)