UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR., <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO, COUNTY OF, et al., <br><br> Defendants. | Case No.: 14-CV-2404 JLS (KSC) <br><br> **ORDER: (1) DENYING MOTION FOR RECONSIDERATION; (2) DENYING MOTION TO JOIN CAUSES OF ACTION; (3) DENYING AS MOOT MOTION TO APPLY REPLY TO CITY OF EL CAJON; AND (4) GRANTING MOTION TO AMEND COMPLAINT** <br><br> (ECF Nos. 93, 104, 112, 114) |

Presently before the Court are various Motions filed by Plaintiff Raul Arellano, Jr.—chief amongst these is Plaintiff's Motion for Reconsideration, ("MTN for Reconsideration," ECF No. 93), regarding this Court's Prior Order denying in part and granting in part Defendants' Motion to Dismiss, ("Prior Order," ECF No. 87). Defendants County of San Diego, City of San Diego, and City of El Cajon all filed Oppositions to, (ECF Nos. 96, 97, and 99, respectively), and Plaintiff filed a Reply in support of, (ECF No. 110), his Motion for Reconsideration. Also before the Court is Plaintiff's Motion, which is entitled: Motion to Join an Active Tort State Case with Current Case, (ECF No. 104). Defendant County of San Diego filed a Response in Opposition to, (ECF No. 106), and
1

14-CV-2404 JLS (KSC)

Plaintiff filed a Reply in Support of, (ECF No. 109), his Motion to Join. Plaintiff has also filed a Motion to Amend his Complaint, (ECF No. 112), and a Motion to Apply his Reply Brief to City of El Cajon, (ECF No. 114). After considering the parties' arguments and the law, the Court rules as follows.

## BACKGROUND

On October 8, 2014, Plaintiff filed his original Complaint ("Compl.") against the "County of San Diego, Bail Bond Agency of Guerrero, Arreste [sic] officer Guerrero, [and] Fugitive Task Force," alleging three causes of action under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. (ECF No. 1.) Plaintiff's causes of action arise out of an arrest occurring on November 7, 2010 at El Rey Motel in Tijuana, Mexico by a host of officers including a U.S. marshal and Mexican authorities. (Compl. 5.)[1] Plaintiff moved to file an amended complaint, (ECF No. 23), which the Court granted, (ECF No. 24).

On March 2, 2016, Plaintiff filed his First Amended Complaint, naming the following Defendants in the form outline: (1) City of El Cajon; (2) City of San Diego; (3) County of San Diego; (4) Guerrero Bail Bonds; (5) Henry L. Guerrero; (6) San Diego Regional Fugitive Task Force; (7) Jesus Guerrero, U.S. Marshal; (8) P. Beal, case agent, SDUSM; (9) United States Marshals office; and (10) the United States. (First Am. Compl. ("FAC"), ECF No. 27, 2–3.)

In his FAC, Plaintiff sought damages allegedly resulting from excessive force and torture during Plaintiff's arrest and pre-trial detention in Mexico under 42 U.S.C. §§ 1983, 1985, and 1986. (*Id.* at 7–8, 14.) Plaintiff additionally alleged violations of his guaranteed rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, (*id.* at 7), and a *Bivens* action for money damages against U.S. Marshal Guerrero and P. Beal, (*id.* at 31). Defendants City of San Diego, County of San Diego, and City of El Cajon filed motions to dismiss.[2] The Court granted in part and denied in part

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.
[2] The only moving Defendants were the City of El Cajon, City of San Diego, and County of San Diego.

Defendants City of San Diego and County of San Diego's motions to dismiss Plaintiff's FAC, but the Court granted Plaintiff leave to amend his complaint and file a second amended complaint. (*See* ECF No. 58.) The Court dismissed Defendant City of El Cajon with prejudice for failure to relate back to the original Complaint under Federal Rule of Civil Procedure 15. (*See id.*) Plaintiff moved for reconsideration of the Court's dismissal of City of El Cajon, (ECF No. 60), which the Court denied, (ECF No. 61).

Plaintiff filed his Second Amended Complaint on January 26, 2017, (Second Am. Compl. ("SAC"), ECF No. 62). Defendants City of San Diego and County of San Diego again filed motions to dismiss, which the Court granted in part and denied in part, (*see generally* Prior Order). Plaintiff filed a second motion for reconsideration concerning the Court's decision to dismiss the City of El Cajon with prejudice, (ECF No. 73). The Court found that Plaintiff had stated a *Monell* claim against the County of San Diego and City of San Diego under 42 U.S.C. § 1983. (*Id.* at 8–9.) The Court then found that Plaintiff failed to state a claim under sections 1985(3) and 1986 and dismissed his claims, as to those causes of action, with prejudice. (*Id.* at 12–13.) Finally, the Court denied Plaintiff's motion for reconsideration of the Court's prior order dismissing all claims against the City of El Cajon with prejudice. (*Id.* at 24.)

The Court now arrives to the current motions. Plaintiff again moves for a third reconsideration of the Court's dismissal of Defendant City of El Cajon and additionally moves for reconsideration of the dismissal of his section 1985 and 1986 claims. Plaintiff is also prosecuting a tort claim in state court and moves to join the state action with the present federal action. Finally, Plaintiff moves to amend his complaint.

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. Local R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

### I. Motion for Reconsideration

Plaintiff moves for reconsideration on two grounds. First, he argues that the Court improperly dismissed his section 1985 and 1986 claims with prejudice. (MTN for Reconsideration 2–4.) Second, he argues—for a third time—that the Court improperly dismissed the City of El Cajon with prejudice. (*Id.* at 4–6.) The Court addresses each argument in turn.

#### A. Sections 1985 and 1986 Claims

In its Prior Order, the Court determined that Plaintiff stated a valid claim for § 1983 municipal liability, but failed to state a claim under sections 1985 and 1986. (Prior Order 8, 11, 13.) Plaintiff argues that various allegations in his Second Amended Complaint state a valid claim under Section 1985. (MTN for Reconsideration 2.) Plaintiff does not present new evidence and does not argue there was an intervening change in the law; he implicitly argues that the Court committed "clear error". *Sch. Dist. No. 1J*, 5 F.3d at 1263. The Court begins by reviewing the legal standard for a § 1985 claim and the Court's prior Order.

///

In the Ninth Circuit,

> [t]o state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

*Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). In a § 1985(3) claim, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (finding dismissal of a § 1985(3) claim proper because plaintiff failed to state a claim for racial discrimination).

The Court previously concluded that Plaintiff failed to state a claim under section 1985 for two reasons. First, the Court found that Plaintiff's claim of a conspiracy was conclusory, since he alleged no facts demonstrating that Defendants somehow conspired with those responsible for his alleged mistreatment. (Prior Order 10 (citing *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient."); *Bey v. City of Oakland*, No. 14-CV-01626-JSC, 2016 WL 1639372, at *16 (N.D. Cal. Apr. 26, 2016) (noting that the court had previously dismissed conspiracy claims where the complaint did "not include facts demonstrating that [Oakland Police Department] and any individual officers entered any such agreement, what each participant's role was, whether each participant had knowledge of the plan to violate Plaintiffs' rights and how they did so")).) Second, the Court determined that Plaintiff's allegations were conclusory and did not contain additional allegations of a racial or class-based animus necessary to state a claim under § 1985(3). (*Id.* at 10–11 (citing *Sprewell*, 266 F.3d at 989).)

///

*1. Failure to Allege Facts Demonstrating a Conspiracy*

Plaintiff argues that several allegations in his Second Amended Complaint illustrate that there was, in fact, a conspiracy. For example, Plaintiff alleged that "even if [Plaintiff did] blame [the arresting officers] for the torturing, they won't get in trouble because there is no regulation telling them they can't do such torturing in Mexico." (MTN for Reconsideration 2 (quoting SAC 23–24).) Plaintiff also points to an allegation where he stated "officials were allowed to do this because according to them the Municipal[] [Defendants] who [the officials] work for tells [sic] them that as long as it occurs in Mexico [it] is ok to torture me." (*Id.* at 3 (quoting SAC 7–8).) Additionally, Plaintiff argues that there was an agreement because the arresting officers said they were employees or contractors of Defendants. (*Id.* at 2–3 (citing SAC 25).)

In opposition, Defendants argue that there are insufficient factual allegations to demonstrate there was a "meeting of the minds" to deprive Plaintiff of equal protection of the laws.[3] (ECF No. 96, at 3; ECF No. 97 at 3.) In reply, Plaintiff reiterates that his motion for reconsideration and his Second Amended Complaint contain sufficient factual allegations to state a claim for conspiracy. (ECF No. 110, at 3.)

The Court previously determined that Plaintiff's allegations were conclusory and did not allege sufficient factual allegations to plausibly state a claim. (*See* Prior Order 10.) Plaintiff's citations to his Second Amended Complaint do not change the conclusion that Plaintiff failed to allege sufficient *factual* allegations to state a claim. To state a claim for conspiracy, there must, amongst other requirements, be an agreement or meeting of the

---

[3] Defendants also argue that Plaintiff's Motion for Reconsideration is untimely because it was received by the Clerk of Court and filed, *nunc pro tunc*, on September 21, 2017, (ECF No. 92). Defendants contend the Motion should have been filed no later than September 15, 2017, (ECF No. 96, at 2–3; ECF No. 97, at 2). Plaintiff argues that he gave his moving papers to prison officials on September 13, 2017, but they were not mailed until September 15, 2017. (ECF No. 110, at 2.) In *Houston v. Lack*, 487 U.S. 266, 276 (1988), the Supreme Court held that a *pro se* prisoner filed his notice of appeal "at the time [he] delivered it to the prison authorities for forwarding to the court clerk." In *Douglas v. Noelle*, the Ninth Circuit extended the *Houston* prisoner mailbox rule to § 1983 suits filed by *pro se* prisoners. Here, Plaintiff alleges that he delivered his Motion to prison officials on September 13, 2017—within the time limits for filing a motion for reconsideration. Thus, the Court accepts Plaintiff's Motion as timely.

minds between co-conspirators. *Woodrum v. Woodward Cnty.* 866 F.2d 1121, 1126 (9th Cir. 1988) (citing *Fonda v. Gray*, 707 F.2d 435 (9th Cir. 1983)).

Plaintiff quotes his SAC allegation that Defendants "who [the arresting officers] work for tells them that as long as [the torture of fugitives] occures [sic] in Mexico [it] is ok to torture [Plaintiff]." (MTN for Reconsideration 3 (quoting SAC 25).) At most, Plaintiff's allegations demonstrate that there was a municipal policy permitting Defendant's officers to use excessive force while arresting Plaintiff. Thus, Plaintiff's allegations were sufficient to state a claim for municipal liability under § 1983, (*see* Prior Order 8), but do not address any agreement between the officers or Defendants. Without facts demonstrating a "meeting of the minds" between Defendants there can be no conspiracy.

Plaintiff also argues that the fact that the arresting officers were employed or contracted by Defendants demonstrates a conspiracy. Indeed, the Court agrees that Plaintiff's allegations show that the arresting officers were employed or contracted by Defendants. Yet, employment is not the same as the officers agreeing to collectively deprive Plaintiff of his civil rights. Simply because the arresting officers were employed or contracted by Defendants does not automatically confer on those Defendants a conspiracy agreement.

The Court finds that the quotations from the SAC do not demonstrate a conspiracy and the Court finds no clear error as to this argument.

*2. Failure to Allege Facts Demonstrating Equal Protection Violation*

Plaintiff does not address the Court's second finding—that he fails to allege an equal protection violation—in his Motion for Reconsideration. For their part, Defendants argue that Plaintiff fails to demonstrate any "invidiously discriminatory animus behind the conspirator's action." (ECF No. 96, at 3; *see* ECF No. 97 at 3.)

As an initial matter, a district court need not consider new arguments raised in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). Plaintiff did not address equal protection in

7

14-CV-2404 JLS (KSC)

his Motion for Reconsideration. However, the Court will consider the merits of Plaintiff's argument because Defendants raised the equal protection argument in their opposition briefs.

In his Reply, Plaintiff advances two reasons why he was deprived of equal protection of the laws. First, he argues that fugitives are a protected class and he still had rights when he was arrested in Mexico because he remained an American citizen. (ECF No. 110, at 4.) Plaintiff goes on to reason that fugitives subject to arrest in Mexico are treated differently than fugitives subject to arrest in the United States and thus fugitives in Mexico are "not protected by [the] same Constitutional Rights as if the fugitive would of [sic] had gotten Arrested in the U.S." (*Id.* at 4–5.)

Plaintiff conflates a violation of his individual rights with a deprivation of equal protection under the law. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The Court accepts, for the sake of argument, Plaintiff's contentions that fugitives subject to arrest are members of a class. In such a circumstance, the Fourteenth Amendment commands that all similarly situated persons—whether in Mexico or the United States—should be treated alike. Even with this assumption, Plaintiff's argument fails because he does not allege sufficient factual allegations that the members of his class suffer from invidious discrimination. Plaintiff's only allegations are that Defendants deprived *him* of his rights. There is no allegation as to any other fugitive, Mexico or otherwise. Thus, there is no allegation that his class was discriminated against.

Second, Plaintiff argues that he was singled out as an individual. Plaintiff contends that the arresting officers mentioned that they were beating him because Plaintiff was charged with statutory rape. (ECF No. 110, at 5.) Plaintiff further contends that he was treated differently than anyone else arrested for statutory rape. According to Plaintiff, there

are laws preventing arresting officers from beating or using excessive force for those charged with statutory rape. Therefore, he was singled out because arresting officers used excessive force against him. (*See id.*) Plaintiff contends that he states a claim for "class of one" equal protection discrimination.

The Court discussed this same argument in its prior Order. The Court concluded that Plaintiff alleged no facts showing that Defendants have a custom, practice, or policy of treating Plaintiff differently from other fugitives. (Prior Order 11 (citing *Giddens v. Suisun City*, No. 14-cv-943 AC (PS), 2015 WL 692448, at *6 (E.D. Cal. Feb. 18, 2015) ("[I]n order to state a 'class of one' Equal Protection claim, plaintiff must allege facts showing that the police department had a custom, practice or policy of treating him *differently* than it treated his neighbors. The complaint alleges no specific facts regarding the history of police response to the comparable complaints of plaintiff's neighbors.")).)

To state a "class of one" Equal Protection claim, Plaintiff must demonstrate that government actors intentionally treated him differently than other similarly situated persons, without a rational basis. *Gerhart v. Lake Cnty.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); and *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008)). Plaintiff does not allege sufficient facts to demonstrate how he was treated differently than other similarly situated persons. His allegations and arguments only describe his own circumstances and make no comparison to other fugitives in Mexico or other persons accused of statutory rape. Plaintiff's allegations do not illustrate, with facts rather than conclusions, how his circumstances are different from any other fugitive in a similar situation to his own. Therefore, the Court finds no clear error as to its equal protection finding.

In sum, the Court finds no clear error in its conclusions that Plaintiff failed to allege sufficient facts to demonstrate a conspiracy and also failed to allege facts to demonstrate how he was deprived of equal protection of the law. Consequently, Plaintiff's section 1986 must also fail. "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." *Cerrato v. S.F.*

*Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994); *see also* 42 U.S.C. § 1986. As discussed in the Prior Order, because Plaintiff fails to state a conspiracy that would be actionable under § 1985, his claims under § 1986 also fail. *Karim-Panahi*, 839 F.2d at 626 ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985.").

## B. City of El Cajon

Plaintiff moves the Court to reconsider its finding from the prior Order that the City of El Cajon was properly dismissed with prejudice. (MTN for Reconsideration 4–6.) The Court begins by recounting the relevant procedural history. On December 28, 2016, the Court dismissed with prejudice Plaintiff's complaint against the City of El Cajon. (ECF No. 58, at 22.) Plaintiff filed two prior motions for reconsideration—on January 20, 2017 and April 3, 2017, respectively. Each prior motion requested the Court reconsider its decision to dismiss the City of El Cajon with prejudice. (ECF Nos. 60, 73.) The Court denied both of Plaintiff's prior motions for reconsideration on January 24, 2017 and August 18, 2017, respectively. (*See* ECF No. 61; Prior Order 13–24.)

Plaintiff's pending Motion for Reconsideration attempts to present new arguments regarding the Court's December 28, 2016 decision dismissing the City of El Cajon with prejudice. This is not permitted by law. "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters.*, 229 F.3d at 890). Plaintiff's opportunity to present arguments was his January 20, 2017 motion for reconsideration. He did so and the Court denied his motion. New arguments raised in both the April 3, 2017 and present motions could have been raised in the January 20, 2017 motion. The Court considered the merits of Plaintiff's second motion for reconsideration despite the fact that Plaintiff presented new arguments that could have been raised previously. This issue has been fully litigated. The Court will not consider his newly raised arguments here.

Plaintiff's two arguments do not demonstrate clear error. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. (ECF No. 93.)

## II. Motion to Join Actions

Plaintiff filed a motion seeking to join his state court action with the present federal action. (ECF No. 104.) Defendant County of San Diego filed an opposition stating that a plaintiff cannot remove his own state case to federal court. (*See* ECF No. 106, at 1 (citing *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007)).) Plaintiff then filed a reply clarifying that he is requesting the Court to exercise its supplemental jurisdiction, 28 U.S.C. § 1367, over his state law claims. (ECF No. 109.)

Defendant County of San Diego is correct that a state court plaintiff cannot remove a case to federal court. Under the removal statute, only a defendant may remove a case to federal court. *See* 28 U.S.C. § 1441(a). However, Plaintiff has not actually removed his case and his reply brief presents his motion as a request for the Court to exercise its supplemental jurisdiction. Under 28 U.S.C. § 1367(a), a district court has supplemental jurisdiction over all other claims that are so related to claims in the action that are subject to the Court's original jurisdiction. That is, if the Court has original jurisdiction over some of Plaintiff's claims then it *may* exercise supplemental jurisdiction over Plaintiff's state law claims, provided he meets all the requirements of the supplemental jurisdiction statute.

The problem with the Court exercising supplemental jurisdiction over Plaintiff's state law claims is that those claims are not presently before this Court. Plaintiff's Second Amended Complaint only brings claims under 42 U.S.C. §§ 1983, 1985, 1986. Thus, Plaintiff's SAC does not contain state law claims over which the Court can exercise supplemental jurisdiction. Accordingly, the Court **DENIES** Plaintiff's Motion to Join Action, (ECF No. 104).

## III. Motion to Amend

Plaintiff moves the Court for leave to file an amended complaint alleging causes of action arising under state law as well as additional federal causes of action. (ECF No. 112.) The request is unopposed.

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989)). Additionally, "the party opposing amendment has the burden of showing that amendment is not warranted." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 649–50 (W.D. Wash. 2015) (citing, e.g., *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

The Court finds that leave to amend is permissible here. If Plaintiff wishes to allege additional state or federal claims, Plaintiff may file an amended complaint <u>on or before forty (40) days from the date which this Order is electronically filed</u>. Plaintiff is cautioned that should he choose to file a Third Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim, against any defendant, not re-alleged will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If

Plaintiff does not file an amended complaint then the case will proceed as to the claims and the Defendants that survived the previous motions to dismiss.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration, (ECF No. 93), **DENIES** Plaintiff's Motion to Join Actions, (ECF No. 104), and **GRANTS** Plaintiff's Motion to Amend, (ECF No. 112). Finally, because the City of El Cajon is no longer a defendant in these proceedings the Court **DENIES AS MOOT** Plaintiff's Motion to Apply his Reply to City of El Cajon, (ECF No. 114).

**IT IS SO ORDERED.**

Dated: April 17, 2018

Hon. Janis L. Sammartino
United States District Judge