UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR., <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO, COUNTY OF, et al., <br><br> Defendants. | Case No.: 14-CV-2404 JLS (KSC) <br><br> **ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME** <br><br> (ECF Nos. 119, 122) |

Presently before the Court is Plaintiff Raul Arellano, Jr.'s Motion to Appoint Counsel, (ECF No. 119), and his Motion for Extension of Time, (ECF No. 122). The Court previously granted Plaintiff's Motion to Amend on April 17, 2018, (ECF No. 117), and allowed Plaintiff forty days to file an amended Complaint. Plaintiff subsequently filed a document that requests the Court appoint him counsel. (ECF No. 119.) Plaintiff explains that he is losing his vision and needs an attorney to assist him. (*See id.*) In the meantime, Plaintiff filed a Motion asking for an extension of time to file his amended Complaint until his motion to appoint counsel is resolved. (ECF No. 122.)

**I.     Motion to Appoint Counsel**

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an

1

indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff does not meet the requirements for exceptional circumstances. Plaintiff has not demonstrated a likelihood of success on the merits. While some of Plaintiff's claims have survived the motion to dismiss stage, there has been no substantive motions after discovery to test Plaintiff's claims.

With regard to ability to articulate his claims, Plaintiff states the he cannot read and no one in prison can help him with researching the law, only to transcribe his documents. (ECF No. 119.) The State of California filed a status report in this case describing Plaintiff's medical issues. (ECF No. 120.) The status report states that Plaintiff's treating physicians have been unable to diagnose him and that Plaintiff was scheduled for an appointment with a provider outside the prison in May 2018. (*Id.* at 1–2.) There has been no further filing expressing whether that appointment occurred, but the status report goes on to state that Plaintiff was able to engage in discussions and apparently write a letter in a different case, *Arellano v. Blahnik*, No. 16-CV-2412 CAB (RNB). (*Id.* at 2.) The status report also notes that Plaintiff has been granted reasonable accommodations under the Americans with Disabilities Act ("ADA"), including use of a machine in the law library that magnifies text or audibly reads the text to Plaintiff and the use of a pocket magnifier. (*Id.* at 4.) Further, an ADA-skilled worker is available to read text to Plaintiff and act as his scribe. (*Id.*)

The foregoing demonstrates to the Court that Plaintiff has reasonable accommodations that will allow him access to courts and does not rise to the level of exceptional circumstances required to appoint counsel. Accordingly, the Court **DENIES**

**WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel, (ECF No. 119).

## II. Motion for Extension of Time

Plaintiff also filed a request for an extension of time until his request for counsel is ruled on by the Court. (ECF No. 122). Plaintiff's current deadline to file an amended complaint was Tuesday May 29, 2018.[1] It appears that Plaintiff's request for extension of time was timely when he filed it.[2] Plaintiff's request for an extension of time was timely filed and he is still proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (noting the court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements"). The Court finds good cause to support Plaintiff's request.

## III. Conclusion

Accordingly, the Court:

1) **DENIES** Plaintiff's Motion to Appoint Counsel, (ECF No. 119).

2) **GRANTS** Plaintiff's Motion for an Extension of Time to File an amended Complaint, (ECF No. 122). Plaintiff's amended Complaint, should he elect to file one, must be filed no later than <u>Monday, July 16, 2018</u>. The Court cautions Plaintiff that his amended Complaint must be complete in itself without reference to his original Complaint. *See* Civil Local Rule 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). If Plaintiff does not file an amended Complaint then the case

---

[1] According to Federal Rule of Civil Procedure 6(a)(1)(c), the last day for filing cannot fall on a Saturday, Sunday, or legal holiday and Monday May 28, 2018 was a federal holiday so Plaintiff's deadline was the following Tuesday.

[2] Plaintiff's filing was dated May 25, 2018, (ECF No. 122, at 1), and was posted May 29, 2018. It is difficult to ascertain when Plaintiff handed the letter to prison officials, which would meet his filing requirements under the so-called prisoner mailbox rule, *see Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (holding mailbox rule applies to prisoner claims under 42 U.S.C. § 1983), but the Court will consider his Motion timely filed.

will proceed as to the claims and Defendants that survived the previous motions to dismiss.

**IT IS SO ORDERED.**

Dated: June 13, 2018

Hon. Janis L. Sammartino
United States District Judge