UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>         Plaintiff,<br><br>v.<br><br>SAN DIEGO, COUNTY OF, et al.,<br><br>         Defendants. | Case No.: 14CV2404-JLS(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF AN INVESTIGATOR AND DISCLOSURE OF NAMES OF PERSONS AND PROCEDURES INVOLVED IN THE EXECUTION OF ARREST WARRANT**<br>**[DOC. NO. 129]** |

Presently before the Court is plaintiff Raul Arellano, Jr.'s Motion for Magistrate Judge [to] Hear Part of Motion 68 (Exhibit A) Regarding Appointing Counsel or Investigator and for Disclosure of Names of Officers that Participated in the Execution of Warrant. [Doc. No. 129.] For the reasons outlined more fully below, the Court DENIES plaintiff's Motion without prejudice.

### I. *<u>Plaintiff's Request for Appointment of an Investigator</u>*

On March 12, 2017, plaintiff filed a Motion before the Hon. Janis L. Sammartino which, in part, requested "an appointed investigator or attorney with investigator," as well as an order directing defendants to disclose certain names or persons, procedures, and agencies involved in the execution of his arrest warrant. [Doc. No. 68, at 2-5.] On March

1

14CV2404-JLS(KSC)

21, 2017, Judge Sammartino issued an order denying this portion of plaintiff's Motion without prejudice, and stating "Plaintiff may re-raise these discovery issues in a new and separate motion set before Magistrate Judge Karen S. Crawford." [Doc. No. 69]. Thereinafter, on January 30, 2019, plaintiff filed the Motion currently pending before the undersigned, in which he requests the undersigned the relief he sought in 2017, and refers the Court to the arguments he made in his earlier filed Motion. [Doc. No. 128, Ex. A; *see also* Doc. No. 68 at 2-5].

In his 2017 Motion, plaintiff requests the Court appointment an investigator to find the names of persons and agencies involved in the execution of his arrest warrant. [*Id*.; Doc. No. 68, p. 4]. Plaintiff adds he would like an investigator, or an attorney with an investigator, because in the event new individuals are alleged to be responsible for his arrest, the investigator would be able to track down the names of these individuals prior to the expiration of the statute of limitations. *Id*.

There is no legal authority for the Court to appoint an investigator to advocate on behalf of an unrepresented party such as plaintiff. Because the assistance he seeks is legal in nature, and because plaintiff alternatively requests he be appointed an "attorney with an investigator", the Court construes his request as a motion for appointment of counsel.

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N.C.*, 425 U.S. 18, 25 (1981). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*.

Plaintiff has filed four previous motions requesting counsel be appointed on his behalf in this case. [Doc. Nos. 7, 18, 119 & 125]. He makes no argument now that has not

2

14CV2404-JLS(KSC)

been previously considered in connection with one or more of those motions. As articulated in the four previous Orders denying his requests for appointment of counsel, there is no basis to support a finding of exceptional circumstances at this time. [*See* Doc. Nos. 8, 24, 123 & 126]. A *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by plaintiff's incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

Pro se litigants such as plaintiff are afforded some leniency to compensate for their lack of legal training. This applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status is, and will continue to be, taken into consideration by the Court when his filings are reviewed.

## II. *Plaintiff's Request for Disclosure of Names of Persons and Procedures Involved in Execution of Warrant*

Plaintiff also requests the Court order defendants the City of San Diego and the County of San Diego disclose the names of the persons, procedures, and agencies involved in the execution of the warrant used to arrest plaintiff in Mexico. [Doc. No. 129, Ex. A, 68 p. 2-4]. The Federal Rules of Civil Procedure permit a party to seek discovery of any non-privileged matter that is relevant to his claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The discovery may include information that is not admissible. *Id*.

Several mechanisms exist for a party to request discovery from other parties. *See e.g.* Fed. R. Civ. P. 30 (Depositions by Oral Examination)[1]; Rule 31 (Depositions by

---

[1] If plaintiff seeks to conduct an oral deposition pursuant to Rule 30, he will be responsible for arranging for the presence of an officer authorized to administer oaths by the laws of the United States, as required by Fed. R. Civ. P. 28(a), and a means of recording the testimony either by sound, sound-and-visual, or stenographic means. *See* Fed. R. Civ. P. 30(b)(3). Plaintiff will also be responsible for these and any other costs related to any deposition(s) he takes. *See Tedder v. Odel*, 890 F.2d 210, 211-212 (9th Cir. 1989). These fees are not waived based on plaintiff's *in forma pauperis* status.

| | |
|---|---|
| 1 | Written Questions); Rule 33 (Interrogatories to Parties); Rule 34 (Requests for Production |
| 2 | of Documents). Plaintiff does not appear to have formally requested the discovery he seeks |
| 3 | pursuant to the applicable Federal Rules of Civil Procedure. His Motion to Compel this |
| 4 | information is, therefore, DENIED. |

### III. *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 11, 2019

Hon. Karen S. Crawford
United States Magistrate Judge