UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR., <br><br>Plaintiff, <br><br>v. <br><br>SAN DIEGO, COUNTY OF, et al., <br><br>Defendants. | Case No.:  14CV2404-JLS(KSC) <br><br>**ORDER DENYING PLAINTIFF'S NINTH MOTION FOR APPOINTMENT OF COUNSEL** <br>**[DOC. NO. 161]** |

Presently before the Court is a Motion for Appointment of Counsel filed by plaintiff Raul Arellano, Jr., in which he requests counsel be appointed on his behalf to identify and locate the individuals who arrested him so that he can determine whether these individuals work for either defendant. [Doc. No. 161.]  This is plaintiff's ninth Motion for Appointment of Counsel. [*See* Doc. Nos. 7, 18, 119, 125, 131, 134, 139 & 147.] At least three of his prior requests for counsel were made on the basis he wants assistance locating these individuals. [See e.g.  Doc. Nos. 134, p. 2, 139, p. 3 and 147, pp. 1-2.]

As explained in the Court's prior orders, "[t]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp*., 32 F.3d 1360, 1363 (9th Cir. 1994). District Courts have discretion, however, pursuant to 28 U.S.C § 1915(c)(1) to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v.*

*County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before making a decision." *Terrell*, 935 F.2d at 1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

First, plaintiff's contention that a lawyer should be appointed on his behalf because he has been unable to identify and locate the arresting officers on his own does not constitute an exceptional circumstance. The hardships associated with litigating plaintiff's case are shared by all incarcerated litigants lacking legal expertise.

Second, there is no basis to find plaintiff lacks the ability to articulate and litigate his claims. He has filed numerous documents with the Court, including briefs in opposition to defendants' Motions to Dismiss the First and Second Amended Complaints and defendants' Summary Judgment Motions, and eight previous motions requesting counsel be appointed on his behalf. [*See e.g*. Doc. Nos. 7, 18, 53, 81 119, 125, 131, 134, 139, 147, 157 and 168.] His filings are organized and present his arguments with reasonable efficiency and clarity.

Furthermore, plaintiff has not shown the likelihood of success on the merits, nor is a likelihood of success evident from the face of the Second Amended Complaint. [Doc. No. 62]. While plaintiff has had some measure of success in opposing the Motions to Dismiss, the fact that his case remains open five years after it was initiated does not indicate plaintiff is likely to succeed on the claims that remain in the case. Consequently, plaintiff's Motion for Appointment of Counsel is DENIED.

**IT IS SO ORDERED.**

Dated: January 27, 2020

Hon. Karen S. Crawford
United States Magistrate Judge