UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR., CDCR #AH-1995,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; GUERRERO BAIL BOND; OFFICER GUERRERO; VIOLENT CRIME TASK FORCE,<br><br>Defendants. | Case No. 3:14-CV-2404 JLS (KSC)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND RELATED MOTIONS**<br><br>**[ECF Nos. 145, 154, 156]** |

Before the Court is Plaintiff Raul Arellano, Jr.'s Motion for Default Judgment and related motions. ECF Nos. 145, 154, and 156. No oppositions or replies have been filed.

**I.  Background**

Plaintiff Raul Arellano, Jr., proceeding *pro se*, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 on October 8, 2014 arising out of Plaintiff's arrest occurring on November 7, 2010 in Tijuana, Mexico by a U.S. Marshal and Mexican authorities. ECF No. 1. Plaintiff filed a first amended complaint on March 2, 2016 (ECF No. 27), naming as Defendants City of El Cajon, City of San Diego, County

of San Diego, Guerrero Bail Bonds, Officer Henry L. Guerrero, San Diego Regional Fugitive Task Force; Jesus Guerrero, U.S. Marshal; P. Beal, Case Agent; the U.S. Marshall's Office; and the United States. ECF No. 27 at 2-3. Plaintiff filed a proof of service as to all Defendants on April 19, 2016. ECF Nos. 31-39.

The Court dismissed Defendant City of El Cajon with prejudice; dismissed Defendant County of San Diego and Defendant City of San Diego without prejudice; and granted Plaintiff leave to amend his complaint and file a second amended complaint by January 24, 2017. ECF No. 58. Plaintiff filed a second amended complaint on January 26, 2017, naming the same defendants as he did in the first amended complaint. ECF No. 62 ("SAC"). Plaintiff also filed a motion for reconsideration regarding Defendant City of El Cajon and the Court denied it on August 18, 2017. ECF No. 70. As such, Defendant City of El Cajon remains dismissed from this case.

On August 27, 2019, Plaintiff filed a motion for default judgment against (1) Guerrero Bail Bonds; (2) Officer Guerrero; (3) San Diego Violent Crimes Task Force; (4) Jesus Guerrero; (5) P. Beal; (6) U.S. Marshall's Office. ECF No. 145. Plaintiff filed proof of service as to these Defendants. *Id.* at 5-10. Plaintiff also requested a copy of this motion due to his lack of "access to law library to make copy's [sic]." *Id.* at 1. Plaintiff filed on October 17, 2019 a motion "to know if default" was received (ECF No. 154) and a motion to "address the default judgment towards Defendant 'Fugitive Task Force' before The Summary Judgment of Defendant City and County of San Diego" and to know "if Motion for Default was received in Court." ECF No. 154. Plaintiff also requests a copy of the docket and motion. *Id.* On October 29, 2019, Plaintiff filed a motion asking the court to "First Address the Default Judgment Towards Defendant 'Fugitive Task Force' before The Summary Judgment of Defendant City and County of San Diego" and "To Know if Motion for Default was received in Court." ECF No. 156.

II. **Conclusion and Order**

Federal Rule of Civil Procedure 55 states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff has not filed a request for entry of clerk default as is required by Fed. R. Civ. P. 55(a). On this basis, Plaintiff's motion for default judgment is **DENIED**. Here, since Plaintiff's claim is not for a "sum certain or a sum that can be made certain by computation," the Plaintiff must therefore apply to the court for a default judgment. *Id.*

Further, the Court notes that entry of default judgment prior to the resolution of the currently-pending motions for summary judgment by the County and City of San Diego (ECF Nos. 148, 149) would be inappropriate. In considering whether to enter a default judgment, the Court considers the possibility of dispute concerning material factors, in addition to the following: merits of plaintiff's substantive claim; sufficiency of complaint; sum of money at stake in action; possibility of prejudice to plaintiff; whether default was due to excusable neglect; and strong policy favoring decision on merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The liability of the San Diego City and San Diego County are highly likely to raise questions concerning material factors regarding the liability of the Defendants against whom Plaintiff seeks default.

Plaintiff is directed to file a request that the clerk enter default judgment. Plaintiff's requests for copies of the motions (ECF Nos. 145, 154, and 156) as well as a copy of the docket are **GRANTED**. The Clerk of Court shall provide Plaintiff with copies of the Court's orders docketed at ECF Nos. 145, 154, and 156, as well as a copy of the docket as of the date of this order.

**IT IS SO ORDERED**.

Dated: February 27, 2020

Hon. Gonzalo P. Curiel
United States District Judge

3

3:14-CV-2404 JLS (KSC)