1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br>CDCR #AH-1995,<br><br>                                Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br>                                Defendants. | Case No.:  3:14-cv-2404-GPC-KSC<br><br>**ORDER:**<br>**(1) DISSOLVING ORDER TO SHOW CAUSE;**<br><br>**(2) DIRECTING PLAINTIFF TO SERVE THE UNITED STATES; AND**<br><br>**(3) DISMISSING PLAINTIFF'S BIVENS CLAIM AGAINST THE UNITED STATES**<br><br>**[ECF No. 188]** |

On August 21, 2020, the Court issued an Order to Show Cause as to why Defendants Jesus Guerrero, P. Beal, and the United States should not be dismissed from this case due to Plaintiff's failure to serve the United States as required by Federal Rule of Civil Procedure 4(i). ECF No. 181 at 36–38. On October 27, 2020, Plaintiff filed a response to the Order to Show Cause arguing that he had not been mailed a sufficient number of forms required to request the U.S. Marshal serve the United States, and that he was unaware of the requirement that he also serve the United States to complete service

upon Defendants Jesus Guerrero and P. Beal.  ECF No. 188.  For the reasons that follow, the Court DISSOLVES the Order to Show Cause and directs the Plaintiff to serve Plaintiff's Second Amended Complaint, ECF No. 62, on the United States once the summons is issued and Plaintiff receives the required materials to request U.S. Marshal Service.  The Court further *sua sponte* DISMISSES Plaintiff's *Bivens* claim against the United States.

## I.    BACKGROUND

On October 8, 2014, Plaintiff initially filed this action.  ECF No. 1.  On November 3, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").  ECF No. 3. On March 2, 2016, Plaintiff filed the First Amended Complaint ("FAC"), naming as Defendants Jesus Guerrero, P. Beal, and the United States.  ECF No. 27.  The clerk issued the summons on the FAC the same day, with attached instructions for how Plaintiff, proceeding IFP, could request U.S. Marshal Service and enclosing copies of U.S. Marshal Form 285, which allows a plaintiff to request U.S. Marshal Service, as well as copies of the other materials required for service ("IFP Packet").  ECF No. 28.  As the Court noted in its order directing Plaintiff to show cause why the remaining Defendants should not be dismissed, Plaintiff, through the U.S. Marshal, timely served both P. Beal and Jesus Guerrero with the FAC as evidenced by the executed service of summons filed on April 19, 2016.  ECF Nos. 34, 39.  Plaintiff, through the U.S. Marshal, also successfully served five other Defendants and attempted but failed to serve two other Defendants.  ECF Nos. 31, 32, 33, 35, 36, 37 38.  The docket does not reflect that Plaintif requested the U.S. Marshal effectuate service of the FAC on the United States.

On January 26, 2017, Plaintiff filed the SAC, the currently operative complaint in the case.  ECF No. 62.  No summons on the SAC was issued.

## II.    DISCUSSION

This Court issued the Order to Show Cause because Plaintiff had not served the United States as required under Federal Rule of Civil Procedure ("Rule") 4(i).  ECF No. 181.  Plaintiff contends that his failure to serve the United States should be excused

because he was sent a single Form 285 for each Defendant, and that he was not informed that he had to fill out extra Form 285s to serve the United States, nor was he sent additional forms.  ECF No. 188.

Rule 4(i) provides that in order to properly effectuate service on the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>
> (B) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[.]

Fed. R. Civ. P. 4(i)(1).  Further, "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."  Fed. R. Civ. P. 4(i)(3).  If the party has served the United States officer or employee but has failed to serve the United States pursuant to 4(i)(3), "[t]he court must allow a party a reasonable time to cure its failure."  Fed. R. Civ. P. 4(i)(4)(B).  Further, with respect to service upon any defendant, "if the plaintiff shows good cause for the failure [to timely serve], the court must extend the time period for an appropriate period."  Fed. R. Civ. P. 4(m).  "At a minimum, 'good cause' means excusable neglect."  *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).  A plaintiff may also need to show that "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987).

When a Plaintiff proceeds IFP, officers of the court are responsible for issuing and

serving all process.  28 U.S.C. § 1915(c).  However, "[a]n IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service." *Boudette*, 923 F.2d at 757 (9th Cir. 1991).

As to Plaintiff's failure to serve the United States in connection with his claims against Defendant Jesus Guerrero and P. Beal as provided by Rule 4(i)(3), the Court notes that Plaintiff requested U.S. Marshal Service as to those Defendants and the summons on the FAC was returned executed as to each Defendant.  ECF Nos. 34, 39. The Advisory Committee Notes to the 2000 Amendment of Rule 4 explains that "[a] reasonable time to effect service on the United States must be allowed after the failure is pointed out."  *See* Fed. R. Civ. P. 4, Advisory Committee Notes – 2000 Amendment; *Kurzberg v. Ashcroft*, 619 F.3d 176, 185 (2d Cir. 2010) ("[N]otification to the plaintiff . . . of a defect in the service of process is sufficient to start the clock on the reasonable amount of time afforded to the plaintiff to cure the defect.").  Because no federal Defendants have appeared in this case to contest the lack of service on the United States, Plaintiff was not made aware of the defect in service until this Court's Order to Show Cause.[1]  Accordingly, the Court DISSOLVES the Order to Show Cause with respect to Defendants Jesus Guerrero and P. Beal and DIRECTS Plaintiff to cure his failure to serve the United States within a reasonable time.

Plaintiff's failure to serve the United States as a defendant within 120 days cannot be excused under Rule 4(i)(4), which does not specifically permit an extension when the party has failed to serve both the United States attorney and the Attorney General.  Fed. R. Civ. P. 4(i)(4).  However, the Court may extend the time for service if it finds that Plaintiff has shown good cause for the failure to timely serve.  Fed. R. Civ. P. 4(m).  The attachment to the summons issued on the FAC suggests that Plaintiff may not have

---

[1] As Plaintiff is proceeding *in forma pauperis*, he will require an additional Form 285 to request U.S. Marshal Service on the United States.  The Court therefore finds that Plaintiff has not yet had a reasonable time to cure the defect even though the error was drawn to Plaintiff's attention in the Order to Show Cause.

received enough Form 285s and copies of the FAC and summons.  *Compare* ECF No. 28-1 (indicating "9 Copies of Summons," "9 Copies of Complaint/Amended Complaint" and "9 Blank USM 285s") *with* ECF No. 27 at 2-3 (listing ten Defendants).  Further, an additional summons was not issued on the SAC.  "Where pro se plaintiffs reasonably rely on various arms of the Court during the service process but those actors fail to carry out their duties, courts have found 'good cause' for service failures."  *Jones v. Westchester Cty.*, 182 F. Supp. 3d 134, 144 (S.D.N.Y. 2016) (finding good cause where Clerk of Court did not send IFP Packet to plaintiff as ordered by the court).  Here, although ignorance of the rules itself would not be an excuse for Plaintiff's failure to serve the United States as Defendant, *Davis v. Los Angeles Cty. Sup'rs*, 107 F.3d 15 (9th Cir. 1997), Plaintiff's mistake appears to have occurred in part because Plaintiff was only mailed an IFP Packet with materials sufficient to serve nine out of the ten Defendants named in the FAC.  Plaintiff would be prejudiced by dismissal at this stage of the case, given that his "federal tort" claims would be precluded by the applicable statutes of limitations were he required to refile.  *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 817, 202 L. Ed. 2d 578 (2019).  Although it's not clear that the United States had actual notice of the lawsuit given that the U.S. Attorney has not appeared in the case, service of the FAC on the U.S. Marshals Office and both federal individual Defendants was apparently effected.  ECF Nos. 33, 34, 39.  And though the case has been pending for a significant amount of time, it has not progressed far at all with respect to the federal Defendants, suggesting that the United States would not be prejudiced by late service.

Accordingly, the Court finds Plaintiff has established good cause for his failure to comply with the time requirements for service.[2]  The Court therefore DISSOLVES the

---

[2] Even absent good cause, the Supreme Court has indicated that Rule 4(m) accords district courts discretion to extend the time allowed for service.  *See Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638, 1643, 134 L. Ed. 2d 880 (1996).

Order to Show Cause with respect to Defendant United States and DIRECTS Plaintiff to cure his failure to serve the United States within a reasonable time.

### III.   SUA SPONTE DISMISSAL

28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Although not addressed in its Order to Show Cause, the Court *sua sponte* considers whether Plaintiff has stated a claim against the United States. Plaintiff indicates in the SAC that he brings suit against the United States for "a federal tort claim . . . or a *Bivens* claim." ECF No. 62, at 3. However, the United States is not a proper defendant under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). But because Plaintiff also appears to bring a federal tort claim against the United States, the Court declines to *sua sponte* dismiss all claims against the United States at this time.

The Court therefore ORDERS that the *Bivens* claim stated against the United States be dismissed with prejudice as no amendment could cure the deficiency.

### IV.   CONCLUSION

For the reasons above:

1. the Court **DISSOLVES** the Order to Show Cause.

2. The Court **DIRECTS** the Clerk to issue a summons as to Plaintiff's Second Amended Complaint (ECF No. 62) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each remaining Defendant, including the United States. In addition, the Clerk is **DIRECTED** to provide Plaintiff with a certified copy of this Order and a certified copy of his Second Amended Complaint and the summons so that he may serve each remaining Defendant. Upon receipt of this "IFP Package," Plaintiff is **DIRECTED** to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S.

Marshal is **ORDERED** to serve a copy of the Second Amended Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. The Court **ORDERS** that Plaintiff's *Bivens* claim against the United States be dismissed with prejudice.

**IT IS SO ORDERED**.

Dated:  November 9, 2020

Hon. Gonzalo P. Curiel
United States District Judge

3:14-cv-2404-GPC-KSC