UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, JR.,<br><br>                                    Plaintiff,<br><br>v.<br><br>SAN DIEGO, COUNTY OF, et al.,<br><br>                                    Defendants. | Case No.:  3:14-cv-2404-GPC-KSC<br><br>**ORDER ON PLAINTIFF'S MOTION TO KNOW IF SERVICE TO THE U.S. ATTORNEY GENERAL IS NECESSARY**<br><br>**[Doc. No. 195]** |

Presently before the Court is a document titled "Motion to Know If Service to U.S. Attorney General Is Necessary?" (the "Motion" or "Mot."). Doc. No. 195. On January 6, 2021, the Court granted plaintiff's "Motion for Address" and provided plaintiff the mailing address of the U.S. Attorney for the Southern District of California. Doc. No. 193. In that Order, the Court recited the requirements for service on the United States as set forth in Federal Rule of Civil Procedure 4(i). *Id.* at 2. Plaintiff requests in the instant Motion that the Court advise him whether he is required to serve his Complaint on the United States Attorney General pursuant to that Rule. Doc. No. 195.

The Court declines to do so. Whereas plaintiff's "Motion for Address" merely requested information, the Motion now before the Court is a request for legal advice as to how to comply with Rule 4. The Supreme Court holds that *pro se* litigants are not entitled to "personal instruction" from this Court regarding such procedural matters, because a

requirement that District Courts give legal advice to litigants "would undermine the … judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986) (noting that for the court to give legal advice to a *pro se* litigant would be contrary to the court's role as a "referee" in the adversary process). The Court will not "act as counsel or paralegal" to plaintiff in this matter. *Pliler*, 542 U.S. at 231.

For these reasons, plaintiff's Motion is **DENIED**. The Court directs plaintiff to review the text of Rule 4(i)(1), which the Court will restate here given plaintiff's limited access to the law library:

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

(1) ***United States***. To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

///
///
///
///
///

3:14-cv-2404-GPC-KSC

1   Plaintiff is also directed to review the District Court's November 9, 2020 Order, and

2   the IFP packet he has been provided.  The Clerk of Court is requested to include a copy of

3   the Summons and Complaint when mailing this Order to plaintiff.

4   **IT IS SO ORDERED.**

5   Dated:  February 8, 2021

6

7   Hon. Karen S. Crawford
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:14-cv-2404-GPC-KSC